# AMERICAN RAILROAD COMPANY OF PORTO RICO *v.* DIDRICKSEN.

**ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR PORTO RICO.**

No. 72. Submitted December 6, 1912.—Decided January 27, 1913.

Where the plaintiffs in an action under the Employers' Liability Act are the sole beneficiaries under the statute, a general verdict in their favor, without instructions on this point, overcomes the objection of lack of capacity to sue.

The Employers' Liability Act extends to Porto Rico, as held in *American Railroad Company* v. *Birch*, 224 U. S. 547, and now *held* that the Safety Appliance Acts also extend to Porto Rico.

While Porto Rico has not for all purposes been fully incorporated into the United States it is not foreign territory nor are its citizens aliens. *Williams* v. *Gonzales*, 192 U. S. 1. Its organization is in most essentials that of a Territory. *Kopel* v. *Bingham*, 211 U. S. 468.

In view of the provisions of § 3 thereof, effect cannot be given to the Employers' Liability Act of 1908 in Porto Rico unless the Safety Appliance Acts referred to in § 3 are in force there also.

Under the Employers' Liability Act of 1908 pecuniary damages only are recoverable and these do not include loss of society or companionship of a son to a parent. *Michigan Central Railroad* v. *Vreeland*, *ante*, p. 59.

5 Porto Rico Fed. Rep. 401, 427, reversed.

THE facts, which involve the construction of the Employers' Liability Act of 1908 before its amendment by the act of 1910, and the application of the act to Porto Rico, are stated in the opinion.

*Mr. N. B. K. Pettingill* and *Mr. F. L. Cornwell* for plaintiff in error.

There was no brief filed for defendants in error.

MR. JUSTICE LURTON delivered the opinion of the court.

This is an action under the Employers' Liability Act of April 22, 1908, 35 Statutes at Large, 65, c. 149, before its amendment by the act of April 5, 1910, 36 Stat. 291, c. 143. The plaintiffs were the surviving parents of Pedro Didricksen, an employé of the American Railroad of Porto Rico, who died from an injury sustained while in its service.

1. Many errors have been assigned. One assigned, but not noticed in the brief of appellant, goes to the capacity of the plaintiffs to maintain the action.

That the deceased left neither wife nor children is not denied. That the plaintiffs were, therefore, as his surviving parents, the sole beneficiaries under the statute is also conceded..

One of the defenses made by the answer was that the plaintiffs had not been appointed administrators as required by law, and had therefore no right to maintain this suit under the Liability Act of 1908. This 'was met áfter the jùry had been summoned, by a motion, as shown by the plaintiff's bill of exceptions, "to amend the complaint by making the following interlineation: 'That plaintiffs are the duly appointed personal representatives of the deceased, appointed by the District Court of the Island of Porto Rico,' which leave is granted by the court." To this amendment the defendant excepted. A journal entry of the same date shows that in support of the motion the plaintiffs produced a certain certificate from the District Court of Porto Rico, and that the complaint was amended by interlining the words, after the word "support,"—"They were further the only personal representatives of the deceased."

This certificate is not in the transcript and we have no way of knowing its sufficiency as an appointment. The case went to the jury upon the issue of the capacity of the plaintiffs to sue, as well as upon the other issues. The court neither gave nor refused any instruction upon this point, and there was a general verdict for the plaintiffs.

2. The evidence upon the merits of the case, though obscure and meagre as to the circumstances of the accident, was such as to justify its submission to the jury.

3. The complaint averred that the cars composing the train in charge of the deceased as conductor were not equipped as required by the Safety Appliance Act of March 2, 1903, 32 Stat., 943, c. 976. There was some evidence tending to show that one or more of the couplers were not in repair and some evidence tending

to show that this had a causal connection with the accident. The court instructed the jury that the Safety Appliance Act applied to Porto Rico. Was this error?

The acts of March 2, 1893, 27 Stat., 531, c. 196, and April, 1896, 29 Stat., 85, related only to railroad companies engaged in interstate commerce. The traffic wholly confined to a Territory of the United States was therefore not within either. But the act of March 2, 1903, amended the former acts and extended their provisions to "common carriers by railroad in the Territories and the District of Columbia."

That the Employers' Liability Act of April 22, 1908, 35 Stat., 65, 291, c. 149, does apply to Porto Rico is plain, since it, on its face, extends to the District of Columbia, the Territories, the Panama Canal Zone and other "possessions" of the United States. That it did extend to Porto Rico was expressly decided in *American Railroad Company of Porto Rico* v. *Birch*, 224 U. S. 547. The question as to whether the Safety Appliance Act extended to that Island was reserved in the *Birch Case.*

We are of opinion that the act does extend to Porto Rico. It is true that the term, "possessions" of the United States is not used as in the Liability Act. The act does, however, provide that the former acts of which it is amendatory "shall be held to apply to common carriers by railroad in the Territories and the District of Columbia," etc. Though for all purposes the Island of Porto Rico has not been fully incorporated into the United States, it obviously is not foreign territory, nor its citizens aliens. *Gonzales* v. *Williams*, 192 U. S. 1, 15. Its organization is in most essentials that of those political entities known as Territories. It has a territorial legislature and a territorial system of courts. By the fourteenth section of the Foraker Act of April 12, 1900, 31 Stat., 77, 80, c. 191, "the statute laws of the United States not locally inapplicable  .  .  .  have the same

force and effect in Porto Rico as in the United States, except the revenue law."

In *Kopel* v. *Bingham*, 211 U. S. 468, Porto Rico was held to be a Territory within the meaning of § 5278, Revised Statutes, providing for the surrender of fugitive criminals by governors of Territories.

It is not easy to see how effect can be given to the Employers' Liability Act of 1908 in Porto Rico, without concluding that this act of 1903 is also in force there, since the former, as pointed out in the *Birch Case*, 224 U. S. 547, 555, provides in its third section, "that no employé who may be injured or killed shall be held to have been guilty of contributory negligence in any case where the violation by such common carrier of any statute enacted for the safety of employés contributed to the injury or death." The fourth section contains a like provision concerning assumption of risk.

These considerations lead to the conclusion that the court below did not err in ruling that the act extended to Porto Rico.

4. There was error in the rule for measuring the damages recoverable.

The cause of action which was created in behalf of the injured employé did not survive his death, nor pass to his representatives. But the act, in case of the death of such an employé from his injury, creates a new and distinct right of action for the benefit of the dependent relatives named in the statute. The damages recoverable are limited to such loss as results to them because they have been deprived of a reasonable expectation of pecuniary benefits by the wrongful death of the injured employé. The damage is limited strictly to the financial loss thus sustained. The court below went beyond this limitation by charging the jury that they might, in estimating the damages, "take into consideration the fact that they are the father and mother of the deceased and the fact that

they are deprived of his society and any care and consideration he might take of them, or have for them during his life."

The loss of the society or companionship of a son is a deprivation not to be measured by any money standard. It is not a pecuniary loss under such a statute as this.

Laying out of consideration the indefiniteness of the term "care and consideration," as elements in addition to the loss and damage of such pecuniary assistance as the parents of the decedent might have reasonably anticipated from their son, it is enough for the purpose of this case to say that there was no allegation of any such loss, nor any evidence relating to the subject, or from which its pecuniary value might have been estimated. The scope of the compensation recoverable under this statute has been so fully considered in *Michigan Central Railroad* v. *Vreeland, ante,* p. 59, that we need not say more.

The other assignments of error we pass by without decision. None of them are of either general importance or such as are likely to arise upon a new trial.

*Reversed and remanded for a new trial.*

Mr. Justice Holmes concurs in the result.