# DOÑA ISABEL GONZALEZ Y GONZALEZ ET AL.

*v.*

# JOSÉ IGNACIO ARZUAGA É IZAGUIRRE ET AL.

---

San Juan, Equity, No. 822.

SUIT BY PORTO RICAN IN FORMA PAUPERIS.

Suit *in Forma Pauperis*—Porto Rican within Statute.
  The Federal act permitting suit *in forma pauperis* is to be construed as prohibiting suit in this way by an alien, but permitting such a suit by Porto Ricans, as well as by Americans.

Opinion filed June 21, 1913.

---

*Mr. Joseph Anderson, Jr.,* for plaintiff.

*Mr. Francis H. Dexter* for defendant.

Gonzalez y Gonzalez v. Izaguirre.

HAMILTON, Judge, delivered the following opinion:

This is a motion to declare the plaintiff not able, under the United States statute, to sue *in forma pauperis* because he or she or both are citizens of Porto Rico, and not citizens of the United States; and, secondly, because on the facts they have means enabling them to sue.

As to the second point I could not act, because there is no evidence before me. On one side there is a sworn petition that they are without means, and on the other side there is nothing whatever except the unsworn motion itself of the defendants; so that in the present shape, at any rate, it would have to fail for want of proof. On that ground the motion would have to be denied. The other is one of more difficulty and one of greater interest; and if it was a new question I am not sure what would be the decision of the court; but the Supreme Court of the United States has declared on more than one occasion, lately in the Didricksen Case [227 U. S. 145, 57 L. ed. 456, 33 Sup. Ct. Rep. 224], that Porto Ricans are not aliens, are not subjects of a foreign country; and it is a question of construction, therefore, how far the expression "citizens of the United States" should go; whether the line is drawn between citizens of the United States and foreigners, or between citizens of the United States proper and those who may be subject to the jurisdiction of the United States, to the sovereignty of the United States. As a new question it might be difficult to decide it, but it certainly has been the uniform practice of this court, as seen from the Federal Reports of Porto Rico, to consider a citizen of Porto Rico for this purpose as a citizen of the United States; and the question is now

Gonzalez y Gonzalez v. Izaguirre.

raised, after the case has been some time in progress, and after the same point has been decided by my predecessor. Of course I do not know what argument was made before him, but the point was raised before him, and I am not disposed at this time to make any change in his decision. I have tried, as a matter of courtesy, not to disturb anything that has been done by him. It leads to great uncertainty for an incumbent of the bench, because he is a new judge, to test his mind against that of his predecessor. So the motion will be denied. I will state that if on this occasion, or any other occasion, any absolute decision of the Supreme Court, or any other court, can be shown me, where a distinction as to right to sue is drawn between a citizen of the United States proper and one who is under the sovereignty of the United States, I will change this and all future decisions; but until that is done I think I am compelled by previous decisions to hold that a citizen of Porto Rico is within that statute.