## Cincinnati, New Orleans & Texas Pacific Railway Company v. Wilson's Administrator.

(Decided February 17, 1914.)

### Appeal from Whitley Circuit Court.

Employers' Liability Act—No Recovery for Death Unless Deceased Left Kin.—Under the Federal Employers' Liability Act where a person employed in interstate commerce by a carrier engaged in such commerce is killed by the negligence of the carrier while so engaged, a cause of action to recover damages for his death arises, but the carrier is only liable for such damages in the event the deceased left kin surviving him.

TYE & SILER, JOHN GALVIN and EDWARD COLSTON for appellant.

STEPHENS & STEELY and H. C. GILLIS for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

C. B. Wilson was employed as a fireman by the appellant company, and at the time of his death the company was engaged in interstate commerce, and he was employed by it in such commerce, and his death resulted from its negligence.

In a suit brought by his administrator under the Federal Employers' Liability Act to recover damages for his death, there was a trial and verdict and judgment against the company, and it appeals, asking a reversal upon the ground that Wilson did not leave any kin, or if he did, they were not dependent upon him.

The record shows, without contradiction, that Wilson was begotten and born out of lawful wedlock; that his parents did not, after his birth, marry; that he was an unmarried man, and that both of his parents are dead. It further appears that his parents, many years before his birth, had been married, and, as a result of this marriage, several children were born, two of them being alive at the time of Wilson's death, and married women, living with their respective husbands; and that two other of these children died leaving children who were infants at the time of Wilson's death; that before the birth of Wilson his parents were divorced from the bonds of matrimony, and, after living apart several years, had illicit relation with each other, as a result of which Wilson was begotten and born.

We do not find it necessary in disposing of this case to consider at all the question whether the children of Wilson's mother, begotten and born in lawful wedlock while she was the lawful wife of his father, are kin to Wilson within the meaning of the Federal Employers' Liability Act, because there is no evidence whatever that he at any time contributed to the support and maintenance of these children, or the children left by the children of this marriage who died, or that any of these persons were dependent upon him. The nearest approach to persons dependent upon him arises out of his contribution to the support and maintenance of the widow and infant children of his father, but of course neither the widow nor these children were of kin to him, and, this being so, his contribution to their support did not have the effect of bringing the case within the scope of the Federal statute that controls it.

This Act provides that when any person is employed in interstate commerce by a carrier engaged in such

commerce, and is killed by the negligence of the carrier while so engaged, a cause of action to recover damages for his death arises, and the carrier "shall be liable to his or her personal representative for the benefit of the surviving widow or husband and children of such employe; and, if none, then of such employe's parents, and, if none, then of the next of kin dependent upon such employe, *  *  *."

As this Act limits a recovery in cases like this to the surviving kin of the deceased, and as Wilson left no kin, it would seem to inevitably follow that there could be no recovery in favor of his administrator. This we understand to be the ruling of the Supreme Court of the United States in cases like this. It was said by that court in American Railroad Company of Porto Rico v. Didrickson, 227 U. S., 145, 57 L. Ed., 456, and in Gulf Railway v. McGinnis, 228 U. S., 173, 57 L. Ed., 785, that "The cause of action which was created in behalf of the injured employe did not survive his death, nor pass to his representatives. But the act, in case of the death of such an employe from his injury, creates a new and distinct right of action for the benefit of the dependent relatives named in the statute. The damages recoverable are limited to such loss as results to them because they have been deprived of a reasonable expectation of pecuniary benefits by the wrongful death of the injured employe. The damage is limited strictly to the financial loss thus sustained." And such was the ruling of this court in Illinois Central R. R. Co. v. Dougherty, 153 Ky., 363.

Wherefore, the judgment is reversed, with direction to dismiss the petition.