MOFFETT v. BALTIMORE & O. R. CO.

(Circuit Court of Appeals, Fourth Circuit. November 19, 1914.)

No. 1254.

1. DEATH ☞46—ACTIONS—PLEADING AND PROOF.

In an action for the death of an employé, brought under the Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657–8665]) for the benefit of the decedent's mother, plaintiff must allege and prove that the decedent left no widow or children surviving him.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 60; Dec. Dig. ☞46.]

2. DEATH ☞75—ACTIONS—QUESTIONS FOR JURY.

In an action for the death of an employé 21 years old, brought under the Employers' Liability Act for the benefit of his mother, evidence *held* to justify the jury in inferring that decedent left no widow or children, though there was no direct evidence to this effect.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 93, 95; Dec. Dig. ☞75.]

3. DEATH ☞32—LIABILITY—EMPLOYERS' LIABILITY ACT.

Under Employers' Liability Act, § 2, providing that every common carrier by railroad shall be liable in damages to any person suffering injury while employed by such carrier, or in case of his death to his or her personal representative for the benefit of the surviving widow or husband and children, and if none then of the parents, and if none then of the next of kin dependent on such employé, for such injury or death resulting from negligence, and section 9, providing that any right of action given thereby to a person suffering injury shall survive to his or her personal representative for the benefit of the surviving widow or husband and children, and if none then of the parents, and if none then of the next of kin dependent upon the employé, to support an action for the benefit of the mother it is not necessary that she should be wholly dependent upon the deceased employé; it being sufficient that she should have a reasonable expectation of pecuniary benefit from a continuance of decedent's life, as the provision requiring the next of kin to be dependent does not apply to the first two classes of persons for whose benefit the action may be brought.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 47, 48; Dec. Dig. ☞32.]

4. DEATH ☞103—ACTIONS—QUESTIONS FOR JURY.

In an action under the Employers' Liability Act for the benefit of the mother of a deceased employé, evidence *held* sufficient to make a question for the jury as to whether she had a reasonable expectation of pecuniary benefit from a continuance of the decedent's life.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 141; Dec. Dig. ☞103.]

5. DEATH ☞82—LIABILITY—EMPLOYERS' LIABILITY ACT.

Assuming that, under the amendment of 1910 (Act April 5, 1910, c. 143, 36 Stat. 291) to the Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657–8665]), providing that any right of action given thereby to a person suffering injury shall survive to his or her personal representative for the benefit of the surviving widow, etc., in an action for death, damages for the suffering, which the decedent would have suffered had he survived, may be recovered, in addition to damages suffered by the beneficiaries of the action from the death, such damages are not recoverable where death was instantaneous, and damages for suffering would therefore rest on nothing but conjecture.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 106; Dec. Dig. ☞82.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Northern District of West Virginia, at Parkersburg; Alston G. Dayton, Judge.

Action by James A. Moffett, administrator of Cecil J. Cain, deceased, against the Baltimore & Ohio Railroad Company. Judgment for defendant on a directed verdict, and plaintiff brings error. Reversed and remanded, with instructions.

This act was brought in the Northern District of West Virginia in pursuance of the federal Employers' Liability Act to recover damages for death resulting from negligence of defendant. It appears that on December 27, 1910, Cecil J. Cain (sometimes called Cecil J. Moffett) was a brakeman in the employ of the Baltimore & Ohio Railroad Company on extra train No. 990 west, which consisted in part of a number of empty coal cars being transported by the defendant from the state of Pennsylvania, through West Virginia, to some point in another state southwest of West Virginia. On December 27, 1910, the extra train collided with a certain other train of the defendant, on the Ohio River division of the defendant, in the state of West Virginia, and Cecil J. Cain was then and there by reason of such collision instantly killed. It is alleged that the death of plaintiff's decedent resulted from the negligence of certain employés of the defendant other than Cecil J. Cain, and the proximate cause of his death was the negligence of such other employés, and the decedent was, at the time of his death, in the line of his employment and at his post of duty, and was guilty of no negligence contributing to his death.

On December 23, 1911, James A. Moffett, administrator of the estate of Cecil J. Cain, brought suit in the then Circuit Court against the Baltimore & Ohio Railroad Company, and on April 2, 1912, filed his declaration. On January 25, 1913, the plaintiff amended his declaration, alleging in substance the age, mental capacity, health, and character of the decedent, and the fact that he left surviving him his parents, and that the said Cecil J. Cain contributed to the comfort, support, and care of his parent, his mother, Sophia Moffett, to the amount of $100 per month, and that the parents of the decedent were dependent upon him for their maintenance and support, and that by his death they lost his support, and that they would be prevented, by his death, from receiving from his wages and earnings the contributions which they had received, and which they would continue to receive for their support and maintenance during their natural lifetime, and during the lifetime of the decedent, had he not been killed.

Demurrers to the original and amended declaration were overruled. The defendant pleaded not guilty to the amended declaration, to which plea plaintiff replied generally, and issue thereon was joined. Several special pleas were filed by the defendant. Plea No. 2 sets up an alleged release claimed to have been executed by James A. Moffett and Sophia Moffett, in consideration of $1,000. Plaintiff replied generally, and issue thereon is joined. To special pleas Nos. 3, 4, and 5 plaintiff replied generally, and issue thereon was joined.

The stipulations signed by the defendant admit all the material facts in relation to the employment of the plaintiff's decedent; that both he and the defendant at the time of the death of the decedent were engaged in interstate commerce; that the plaintiff's decedent was guilty of no negligence contributing to his death; that he was at his post of duty and in the line of his employment; that the proximate cause of his death was the negligence of the defendant. It appears that plaintiff's decedent was killed on December 27, 1910; that decedent left surviving him no widow or children, but did leave surviving him his father and his mother, Sophia Moffett; that decedent was a young man of good habits, industrious, in perfect health, educated, and that at the time of his death he was earning an average of $53.27 per month, and that he contributed practically all his earnings to the support of his mother, who, at the time of decedent's death was about 40 years of age; that decedent's mother was divorced from her former husband, and that on November 26, 1893, she married James A. Moffett, with whom she resided during

all the time since her marriage; that she and her husband, James A. Moffett, reared and educated the said Cecil J. Cain.

Sophia Moffett, the mother of Cecil J. Cain, testified that after her son, the decedent, arrived at the age of 21, and up to the time of his death he always contributed to her support and maintenance, and that, while she was only partly dependent upon him for her support, she looked to him, and always expected money from him; that he spent very little of his wages on himself, and gave her his money. The mother also testified that her husband, James A. Moffett, was not at that time engaged in any business; that she had no profession nor any way of supporting herself other than housekeeping; that Cecil J. Cain was 21 years old on August 15, 1910; that he had been employed as a brakeman by the defendant railroad company 3 months and 13 days before the time of his death. The defendant proved by Sophia Moffett that she had a small tract of land in Kentucky, given her by her father when she was married to Mr. Cain. On cross-examination Mrs. Moffett testified that she derived no benefit or income from this property. James A. Moffett, the husband of Sophia Moffett, was 53 years of age in August, 1913.

The plaintiff claimed the right to recover damages against the defendant under sections 2 and 9 of the federal Employers' Liability Act, for the benefit of the mother of the decedent. The defendant claimed that because, upon examination of plaintiff's witnesses, it was shown that the mother of the decedent was not wholly dependent upon him for her support, the defendant was not liable. At the trial of the case, after the plaintiff had offered all his evidence, the defendant moved to exclude the same, and direct a verdict in its favor. This motion was granted, and the court directed the jury to return a verdict for the defendant, and judgment was entered accordingly. The plaintiff excepted, and the case comes here on writ of error.

V. B. Archer, of Parkersburg, W. Va. (Lewis N. Tavenner, of Parkersburg, W. Va., on the brief), for plaintiff in error.

B. M. Ambler, of Parkersburg, W. Va. (J. W. Vandervort, W. W. Van Winkle, and Mason G. Ambler, all of Parkersburg, W. Va., on the brief), for defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge (after stating the facts as above). [1] Among other things, it is contended by the defendant in error (who will hereinafter be referred to as defendant) that "there was no evidence that the decedent was a bachelor, or that he left no widow or child." In view of the provisions of the statutes, it was necessary to allege and prove that the deceased left no widow or children surviving him in order to entitle plaintiff in this instance to recover. Garrett v. Louisville & N. R. Co., 197 Fed. 715, 117 C. C. A. 109; Michigan Central Railroad Co. v. Vreeland, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176; American Railroad Co. v. Didricksen, 227 U. S. 145, 33 Sup. Ct. 224, 57 L. Ed. 456.

[2] While it is true that there was no direct evidence that the decedent was not married and had no children, yet there was proof that he was about 21 years of age and resided with his mother; that his average wage was $53.27 per month. His stepfather, in testifying as to the contributions that he made to his mother after he became of age, among other things, said:

" * * * He was always giving his mother; he was a mother's boy, and always giving to her. At any and all times he had anything to give he would give it to his mother."

Counsel for defendant made the following admissions:

"* * * That this young man was strong, able-bodied, and healthy, and in good health at the time of this occurrence; that he was an industrious and active man, and that he was of the age stated by his mother; that he was employed by the railroad company, commencing in September and running through September, October, November, and December, as will be shown by the record; and that he was a faithful and industrious man in his employment with the company."

Defendant also made the following admissions:

"The defendant admits, as a matter of fact, as though proven in this case, that the decedent, Cecil Cain, was employed during the months of September, October, November, and December, 1910, at times, as an extra brakeman, and that the table and statement of wages, as shown on this paper now handed to the stenographer, is correct, as follows: September, $26.30; October, $77.10; November, $50.80; December, $58.90—and an average for the four months of $53.27, and that the smaller number of dollars for these several months represent the smaller number of days for which he was actually employed in these months, and so as to the larger figures."

As we have stated, the mother of the decedent testified that he always contributed to her support, and that he would give her the last dollar he had; further, that he spent very little for himself, and that he only paid his board, and that she did not know that he bought any clothes while working for the company, but that he gave his money to her. These things probably would not have happened if he had had a wife and children. Indeed, the record shows that the trial was conducted by counsel on both sides on the assumption that the father and the mother were the nearest relatives. In view of this evidence, it would be absurd to say that there were no facts from which the jury could reasonably infer that decedent had no wife or child. To deprive the decedent's mother, in view of the evidence, of the privilege of having her rights passed upon by a jury on account of a technical slip of this kind, would be a manifest miscarriage of justice.

There is no proof that the father suffered any damages or had any reasonable expectation of pecuniary benefit in the event the decedent had not lost his life, and as to it also appears, as shown by pleas Nos. 4 and 5, that the father had compromised with the defendant for a valuable consideration, to wit, the sum of $1,250, and had therefore released the defendant from all damages.

[3] It is also insisted that, in order to entitle the plaintiff to recover under the statute, it must be shown (1) that the mother was wholly dependent upon the son, and (2) that she would not be entitled to recover for any support which she might reasonably have expected from her son in the future. In the case of Dooley v. Seaboard Air Line Railroad Company, 163 N. C. 454, 79 S. E. 970, Judge Allen, of the Supreme Court of that state, in referring to the questions presented in that case said:

"The appeal presents two questions for decision: (1) Can an action be maintained for the benefit of the father under the federal Employers' Liability Act for the wrongful death of an adult son, without alleging and proving that the father was dependent on the son? (2) If the action can be maintained, did his honor instruct the jury correctly as to the measure of damages?"

After an exhaustive review of the Cases of Vreeland, Didricksen, and McGinnis, 228 U. S. 173, 33 Sup. Ct. 426, 57 L. Ed. 785, Judge Allen said:

"It would seem, then, that the construction placed upon the act by the Supreme Court of the United States is that the action may be maintained in behalf of the widow, or husband, or children, or parents upon proof of a reasonable expectation of pecuniary benefit, and that, when it is for the benefit of others as next of kin, there must be proof of dependency. It may be doubted whether the courts should limit and qualify the right of action for the benefit of the widow, etc., when the statute does not do so, and when the effect is to narrow the scope of the act passed for the protection of employés, so that under this construction in most cases the amount of recovery will be greatly reduced, and in many it will be nominal; but, however this may be, the language will not permit the construction that the word 'dependent' relates to any of the beneficiaries except the next of kin. In the first section, after declaring the liability of the employer to the injured employé, it adds: 'Or in the case of the death of such employé, to his or her personal representatives for the benefit of the surviving widow or husband and children of such employé; and if none, then to such employé's parents; and if none, then to the next of kin, dependent upon such employé, for such injury or death,' etc. The beneficiaries are divided into three classes, and it is only when there is no one belonging to the first and second classes that an action may be maintained in behalf of more remote relatives, next of kin, and they must be dependent. If, then, the parent may maintain an action for the wrongful death of his son, although not dependent, if he has a reasonable expectation of pecuniary benefit from the continuance of his life, what is the meaning of this phrase, and how may the fact be proven? We follow the precedent set by Mr. Justice Lurton, who said in the Vreeland Case: 'The statute in giving an action for the benefit of certain members of the family of the decedent is essentially identical with the first act, which ever provided for a cause of action arising out of the death of a human being, that of 9 & 10 Victoria, known as Lord Campbell's Act,' and who had recourse to the decisions upon the English statute and upon like statutes in different states to ascertain the meaning of the federal statute."

After a careful review of the English and American cases, Judge Allen, as to the law applicable to the same, said:

"The evidence meets fully this rule of the English and American courts (requiring proof of a reasonable expectation of pecuniary benefit to the father from a continuance of the life of decedent). The deceased was, according to the evidence, strong, healthy, intelligent, and industrious, and he was a young man of good habits and good character. He had helped the father and was so disposed to him that he would give him his last cent if the father needed it, and the father was growing old, and while not actually dependent on the son for support at the time of death, he did not know how soon he might be. This furnishes sufficient evidence to sustain a finding that the father had a reasonable expectation of pecuniary benefit from the continuance of the life of the son, and the motion for judgment of nonsuit was therefore properly denied."

In view of the rule announced in the cases to which we have referred, we are of opinion that it was only necessary for the plaintiff to prove that she had a reasonable expectation of pecuniary benefit from a continuance of decedent's life in order to entitle her to recover, and the evidence which we have quoted is sufficient to have justified the jury in finding in favor of the plaintiff in this issue if it had been submitted to them by the court below.

[4] The only material difference between the facts in Dooley v. Seaboard Air Line Railroad Co., supra, and the case at bar, is that in that case the beneficiary was the father, and in the case at bar the

beneficiary is the mother. The evidence in this case, as we have stated, establishes the fact that the mother was to some extent dependent upon her son for support during his lifetime, and that she had a reasonable expectation of pecuniary benefit if her son had not lost his life. The mother, in response to an inquiry as to what dependency she had upon her son for support, said:

"Well, of course, I was only partly dependent upon him for my support; I looked to him, and expected money from him always."

It is provided by sections 2 and 9 of the federal Employers' Liability Act that, where the death of an employé is caused by the negligence of a common carrier, such common carrier shall be liable in damages to the personal representative of the deceased employé, who may institute suit of one of three distinct classes of beneficiaries, to wit: First, the surviving widow or husband and widow of such decedent; second, the parents of decedent; third, the next of kin dependent upon such decedent.

The court below in directing a verdict for the defendant manifestly acted upon the theory that the mother was not entitled to recover, inasmuch as it was shown that she was married and that her husband was living and able and willing to support her; in other words, that unless she could show that she was wholly dependent upon her son for support and maintenance she would not be entitled to recover. This is tantamount to holding that the language "next of kin dependent upon such employé" applies to the first and second classes. We think that this language is limited to the third class, and therefore does not relate to the first and second classes.

It appears that the party for whose benefit this suit was instituted was in the second class. It further appears that plaintiff not only offered evidence tending to show that the mother was to some extent dependent upon her son for maintenance and support during his lifetime—which he generously furnished her—but that she had a reasonable expectation of pecuniary benefit from a continuance of decedent's life. This evidence raised a question of fact pertinent to the issues presented by the pleading, and the same should have been submitted to the jury for its determination.

[5] It is contended by the plaintiff that the mother is entitled to recover, not only the direct damages suffered by her from the loss of her son, but that under the amendment to the statute of 1910 she is entitled to recover also for all the suffering which her son himself would have suffered had he survived. This doubtful construction of the statute is sustained in Northern Pacific Ry. Co. v. Maerkl, 198 Fed. 1, 117 C. C. A. 237. Even if it be assumed that this construction is correct, we do not think it should be extended in its application to a case like this, where the suffering of the deceased previous to his death could not rest on anything but conjecture, since his death was instantaneous.

For the reasons stated, the judgment of the lower court is reversed, and the case will be remanded, with instructions to proceed in accordance with the views herein expressed.

Reversed.