## 9800

### BERG v. ATLANTIC COAST LINE R. CO.

(93 S. E. 390.)·

DEATH — RIGHT OF PARENTS — FEDERAL EMPLOYERS' LIABILITY ACT — DEPENDENT.—To support an action for the wrongful death of a son for the benefit of the parents under the Federal Employers' Liability Act (Act Cong. April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1916, secs. 8657-8665]), imposing upon carriers liability for the benefit of three classes: "(1) The surviving widow or husband and children of such employee; and, if none, (2) then of such employee's parents; and, if none, (3) then of the next of kin dependent upon such employee"—it is not necessary that the parents were dependent upon the son; the word "dependent" referring only to the next of kin.

Before PEURIFOY, J., Ridgeland, February, 1917. Reversed.

Action by J. S. Berg, administrator of the estate of Fred. Berg, deceased, against the Atlantic Coast Line Railroad Company. From an order requiring plaintiff to amend the complaint, he appeals.

FOOTNOTE.—See *Gilliam v. So. Ry. Co., Post.*

*Messrs. Geo. W. Beckett, J. P. Wise* and *Padgett & Moorer,* for appellant. *Messrs. Padgett & Moorer* cite: Richey's Fed. Emp. Liability Act 106; 227 U. S. 59; 228 U. S. 173; 227 U. S. 145; 98 S. C. 197; note in 7 N. C. C. A. 629; 106 S. W. 1190.

*Messrs. W. Huger FitzSimons* and *W. N. Heyward,* for respondent. *Mr. FitzSimons,* cites: 98 S. C. 42; 227 U. S. 59; 228 U. S. 173; 227 U. S. 145; 98 S. C. 197; 235 U. S. 308 and 625; 238 U. S. 599; 68 So. 336; 232 U. S. 248; 147 Pa. 652; 171 S. W. 847; 163 S. W. 732; 167 S. W. 83; 150 Pa. 1035; 197 Fed. 715.

September 5, 1917.

The opinion of the Court was delivered by Mr. Justice Hydrick.

This action was brought under the Federal Employers' Liability Act to recover damages for the wrongful death of an unmarried adult son for the benefit of his father and mother.

It is not alleged that the parents were dependent upon deceased, but it is alleged that they had reasonable expectation of pecuniary benefit from the continuance of his life, and some facts are alleged as the basis of that expectation.

On motion of defendant, plaintiff was ordered to amend his complaint by stating specifically whether the father and mother were dependent upon deceased for support, and the facts showing the same, presumably because the Court thought, unless there was such dependency, the action could not be maintained.

The act imposes liability upon carriers in interstate commerce for the wrongful death of their employees engaged in that business for the benefit of three classes:

"(1) The surviving widow or husband and children of such employee; and, if none, (2) then of such employee's

parents; and, if none, (3) then of the next of kin dependent upon such employee."

Grammatically construed, the word "dependent" refers only to the next of kin.

The Supreme Court has held that the act was intended to permit recovery of such damages only as are susceptible of pecuniary valuation. *Mich. Cent. R. R. v. Vreeland,* 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914c, 176; *American R. Co. v. Didricksen,* 227 U. S. 145, 33 Sup. Ct. 224, 57 L. Ed. 456; *Gulf etc. Ry. Co. v. McGinnis,* 228 U. S. 173, 33 Sup. Ct. 426, 57 L. Ed. 785; *North Carolina R. R. v. Zachary,* 232 U. S. 248, 34 Sup. Ct. 305, 58 L. Ed. 591, Ann. Cas. 1914c, 159; *Garrett v. Louisville & Nashville R. R.,* 235 U. S. 308, 35 Sup. Ct. 32, 59 L. Ed. 242; *Kansas City etc. Ry. v. Leslie,* 238 U. S. 599, 35 Sup. Ct. 844, 59 L. Ed. 1478. Notwithstanding the pecuniary loss may be more or less, according to the degree of the dependency of the beneficiaries of the first and second classes upon deceased, and the amount of recovery therefor may be increased or diminished accordingly, the act does not make their right contingent upon dependency, as it does that of the next of kin. Therefore, to sustain an action for the benefit of the first two classes, it need only appear that they have sustained some pecuniary loss. The relation of the beneficiary to deceased may be such that such loss will be presumed; but, if it is not, then it must be alleged.

In Garrett's case, *supra,* the action was for the benefit of the parents of an adult son. There was no allegation of pecuniary loss. Plaintiff was offered an opportunity to amend in the trial Court and in the Circuit Court of Appeals by alleging pecuniary loss, but declined. On appeal the Supreme Court decided that it was necessary to allege facts or circumstances tending to show that, as a result of the death, the parents suffered pecuniary loss, and that, for want of such allegation, the trial Court was right in excluding evidence tending to prove it, and in directing a verdict for

defendant. The Court said: "Common experience teaches that financial damage to a parent by no means follows as a necessary consequence upon the death of an adult son."

As the law does not presume such damage, it must be alleged. It is not said that it is necessary to allege dependency in such a case, but pecuniary loss only.

On the other hand, in *Minneapolis etc. R. Co. v. Gotschall*, 244 U. S. 66, 37 Sup. Ct. 598, 61 L. Ed. —, it was held that an action for the death of a minor son need not be taken from the jury, because there was no evidence of pecuniary loss resulting to the father, on whose behalf the suit was brought, since, under the local law, he was entitled to the earnings of his son during minority; the question being, not of right to recover, but only of the amount of damages which it was proper to award.

We are not here concerned with the measure of damages, or the amount of recovery. The sole question is whether it is necessary for plaintiff to allege and prove that the father and mother for whose benefit the action was brought were dependent upon the son for support. Upon consideration of the act itself and the decisions of the Supreme Court construing it, that question is answered in the negative.

Judgment reversed.