*In re* HOPPS' ESTATE.

1. CARRIERS—FEDERAL EMPLOYERS' LIABILITY ACT.
  The remedies provided against a common carrier under the Federal employers' liability act are exclusive (45 USCA, §§ 51, 59).

2. COURTS—CONSTRUCTION OF FEDERAL EMPLOYERS' LIABILITY ACT—FEDERAL COURT DECISIONS.
  Questions of construction and applicability of the Federal employers' liability act as well as the rights and liabilities of parties thereunder present Federal questions upon which the decisions of the Federal courts are binding on State courts (45 USCA, §§ 51, 59).

3. CARRIERS—FEDERAL EMPLOYERS' LIABILITY ACT—CLASSES OF DEATH BENEFICIARIES.
  Upon the death of an employee of a common carrier, under the Federal employers' liability act there are three classes

REFERENCES FOR POINTS IN HEADNOTES
[1] 35 Am. Jur., Master and Servant, § 452.
[2] 35 Am. Jur., Master and Servant, § 457.
[1–2] Applicability of State statutes and rules of law to actions under Federal employers' liability act. 12 A.L.R. 693, supplemented in 36 A.L.R. 917.
[2] Federal employers' liability act as amended in 1939 as excluding State law, where employee is injured in course of acts contributory to intrastate and interstate commerce. 173 A.L.R. 794.
[3–6] 35 Am. Jur., Master and Servant, §§ 418–420.
[7] 35 Am. Jur., Master and Servant, § 421.

of possible beneficiaries, each class exclusive of the other, and in the alternative (45 USCA, §§ 51, 59).

4. SAME—IMMEDIATE RELATIVES—NEXT OF KIN—DEPENDENCY.
   An action may be maintained by the widow, or husband, or children, or parents, of a deceased employee of a common carrier under the Federal employers' liability act upon proof of a reasonable expectation of pecuniary benefit, but when it is for the benefit of others, as next of kin, there must be proof of dependency (45 USCA, §§ 51, 59).

5. SAME—IMMEDIATE RELATIVES—DEPENDENCY—DAMAGE.
   The right of recovery for the benefit of the surviving widow or husband and children of a deceased employee of a common carrier, and if none, then of such employee's parents is given under the Federal employers' liability act unconditionally without any showing of dependency, although there can be no recovery in behalf of any beneficiary in the absence of pecuniary damage to such beneficiary (45 USCA, §§ 51, 59).

6. SAME—WIDOW—MINOR CHILDREN—PRESUMPTION OF DEPENDENCY.
   Under the Federal employers' liability act, dependency of a widow and minor children is presumed (45 USCA, §§ 51, 59).

7. SAME—SETTLEMENT UNDER FEDERAL EMPLOYERS' LIABILITY ACT—APPORTIONMENT OF RECOVERED SUM—DESCENT AND DISTRIBUTION.
   A right of action accorded an employee of a common carrier subject to the Federal employers' liability act which survives the employee to his or her personal representative for the benefit of the surviving widow or husband and children of such employee for the employee's personal loss and suffering entitles them to share in the proceeds of a settlement effected with the employer, irrespective of whether they were dependent upon the deceased for support and maintenance, and, since the Federal act makes no provision for apportionment, the funds are distributable according to the State law of descent and distribution (45 USCA, §§ 51, 59; Act No. 288, chap. 2, § 93, Pub. Acts 1939).

Appeal from St. Clair; Cash (Paul R.), J., presiding. Submitted January 4, 1949. (Docket No. 6, Calendar No. 44,199.) Decided April 11, 1949.

In the matter of the estate of Morris M. Hopps, deceased. Order distributing proceeds of settlement to widow entered. Verla Hopps Chesnut and Florence R. Hopps, daughters, appealed to circuit court. Order affirmed. The daughters appeal. Reversed and judgment ordered entered in accordance with opinion.

*Duncan J. McColl, Jr.,* for decedent's estate.

*Platt & Platt,* for Verla Hopps Chesnut and Florence R. Hopps.

SHARPE, C. J. This is an appeal from the circuit court of St. Clair county and involves the disposition of $9,400 received in settlement of claims arising under the Federal employers' liability act based upon the injury and subsequent death of Morris M. Hopps.

On December 7, 1945, Morris M. Hopps, while in the employ of the Grand Trunk Western Railroad Company, sustained an injury. He died August 17, 1946, from causes other than the injury received. At the time of his death, he left surviving as his only heirs-at-law his dependent widow, Pearl M. Hopps, and two daughters of full age. The daughters are deceased's children by a former marriage and were not dependent upon him at the date of the injury or at the time of his death. Pearl M. Hopps, as administratrix, received $9,400 in a cash settlement from the railroad company. The probate court of St. Clair county held that she, as widow and being the only dependent, was entitled to the entire proceeds of the settlement. Upon appeal, the circuit court sustained the decision of the probate court. The daughters appeal.

The settlement by the railroad company was based upon the Federal employers' liability act originally

enacted by Congress in 1908. Section 1 thereof reads as follows:

"That every common carrier by railroad while engaging in commerce between any of the several States or Territories, or between any of the States and Territories, or between the District of Columbia and any of the States or Territories, or between the District of Columbia or any of the States or Territories and any foreign nation or nations, shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." (35 Stat. at L. 65, 53 Stat. at L. 1404, 45 USCA, § 51.)

Section 9, added by amendment in 1910, reads as follows:

"That any right of action given by this act to a person suffering injury shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, but in such cases there shall be only one recovery for the same injury." (36 Stat. at L. 291, 45 USCA, § 59.)

The remedies provided by this act are exclusive and the questions of construction, applicability, as well as, the rights and liabilities of parties thereunder present Federal questions. The decisions of

the Federal courts upon these questions are binding upon the State courts. *Seaboard Air Line Railway* v. *Horton,* 233 U. S. 492 (34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475); *Southern Railway Company* v. *Gray,* 241 U. S. 333 (36 Sup. Ct. 558, 60 L. Ed. 1030); *Bement* v. *Grand Rapids & Indiana Railway Co.,* 194 Mich. 64 (L. R. A. 1917E, 322).

Although the settlement bars liability under both sections 1 and 9 of the act, in view of the stipulation in the record that deceased did not die as a result of the injuries sustained while working for the railroad, the issue before us is, whether the adult daughters, not being dependents, are entitled to a portion of the proceeds of the settlement for the cause of action for deceased's personal loss and suffering which survived.

The act provides for three classes of possible beneficiaries, each class exclusive of the other, and in the alternative. See *Chicago, Burlington & Quincy Railroad Co.* v. *Wells-Dickey Trust Co.,* 275 U. S. 161 (48 Sup. Ct. 73, 72 L. Ed. 216, 59 A. L. R. 758); *Poff* v. *Pennsylvania R. Co.,* 327 U. S. 399 (66 Sup. Ct. 603, 90 L. Ed. 749, 162 A. L. R. 700). All parties to the case at bar fall within the first class, namely, "widow or husband and children."

In *Dooley* v. *Seaboard Air Line Railway Co.,* 163 N. C. 454 (79 S. E. 970, L. R. A. 1916E, 185), a father, as personal representative, brought action under the Federal employers' liability act for the death of his adult son, a single man. The defendant moved to nonsuit the plaintiff upon the ground that it was neither alleged nor proven that the parents were dependent upon the son for support. It was there held that "dependency" by a father on his adult son need not be shown to enable him to recover under the act for the son's wrongful death. In reaching this conclusion the court said:

"We are referred by counsel for the defendant to three recent decisions, * * * which he insists support his position that dependency must be alleged and proven in all cases. *Michigan Central R. Co.* v. *Vreeland,* 227 U. S. 54 (33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176) ; *American Railroad Company of Porto Rico* v. *Didricksen,* 227 U. S. 145 (33 Sup. Ct. 224, 57 L. Ed. 456) ; *Gulf Colorado and Santa Fe Railway Co.* v. *McGinnis,* 228 U. S. 173 (33 Sup. Ct. 426, 57 L. Ed. 785).

"The question was not raised or decided in either case, that the word 'dependent' in the first section of the act of 1908 refers to the beneficiaries named in the statute as well as to the next of kin; and while expressions appear to the effect that it was the purpose of the act to give a right of action to dependent relatives, it is distinctly held that the right·of action exists in favor of those named in the statute, other than the next of kin, if there is a reasonable expectation of pecuniary benefit from the continuance of life, although prospective. * * *

"It would seem, then, that the construction placed upon the act by the supreme court of the United States is that the action may be maintained in behalf of widow, or husband, or children, or parents, upon proof of a reasonable expectation of pecuniary benefit, and that when it is for the benefit of others as next of kin, there must be proof of dependency."

See, also, *Moffett* v. *Baltimore & O. R. Co.,* 135 C. C. A. 607 (220 Fed. 39).

In 25 C. J. S. pp. 1110, 1111, it is said in reference to the Federal employers' act:

"The right is given in the first instance for the benefit of the surviving widow or husband and children of the employee, and if none, then of such employee's parents. This right is given unconditionally, and accordingly an action may be maintained for the benefit of such persons without any showing of dependency, although there can be no recovery in behalf of any beneficiary in the absence

of pecuniary damage to such beneficiary, as will be seen in section 26 *supra*. In default of the existence of a surviving widow, husband, child, or parents, however, the right is given for the benefit of the next of kin dependent on such employee, and accordingly, an action can be maintained under the statute for the benefit of the next of kin only in the event that they were dependent on such employee, and only such dependents can participate in the recovery. Total or absolute dependency is not required, and dependence may be founded on a merely moral obligation to render aid or support as distinguished from a legal duty to do so."

In *Cleveland Tankers, Inc.*, v. *Tierney*, 169 Fed. (2d) 622, the circuit court of appeals had occasion to interpret the Federal employers' liability act. It was there said:

"As is evident, the statute makes a distinction between the classes of beneficiaries. The next of kin, in order to avail themselves of the statute, must be 'dependent' upon the employee who has been injured or has died owing to the negligence of the employer. No such limitation is imposed as to husband and wife, children or parents. However, the damages recoverable under the statute are held to be equivalent to compensation for deprivation of the reasonable expectation of pecuniary benefits that would have resulted from the continued life of the deceased. *Chesapeake & Ohio Railway Co.* v. *Kelly*, 241 U. S. 485 (36 Sup. Ct. 630, 60 L. Ed. 1117, L. R. A. 1917F, 367); *American Railroad Company of Porto Rico* v. *Didricksen*, 227 U. S. 145, 149 (33 Sup. Ct. 224, 57 L. Ed. 456). The liability is for pecuniary damages and for that only. *Michigan Central R. Co.* v. *Vreeland*, 227 U. S. 59 (33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176).    *    *    *

"In case of a widow and minor children dependency is presumed.    *    *    *    But when the beneficiaries are parents of an adult child, pecuniary loss must be alleged and proved. *Garrett* v. *Louisville*

*& Nashville R. Co.,* 235 U. S. 308, 318 (35 Sup. Ct. 32, 59 L. Ed. 242)."

In *Berg* v. *Atlantic Coast Line R. Co.,* 108 S. C. 63 (93 S. E. 390), it is stated with reference to an action for wrongful death under the Federal employers' liability act:

"Notwithstanding the pecuniary loss may be more or less according to the degree of the dependence of the beneficiaries of the first and second classes upon deceased, and the amount of recovery therefor may be increased or diminished accordingly, the act does not make their right contingent upon dependency, as it does that of the next of kin. Therefore, to sustain an action for the benefit of the first two classes, it need only appear that they have sustained some pecuniary loss. The relation of the beneficiary to deceased may be such that such loss will be presumed; but, if it is not, then it must be alleged."

It would appear from the authorities cited that "dependency" is not a requirement for the first class of beneficiaries under section 1 of the act. The theory of recovery under section 1 is that of a new cause of action and the measure of recovery is the amount of pecuniary loss to the beneficiary, while under section 9, the right given to the injured person for *his* personal loss and suffering survives for the designated beneficiaries. In our opinion the reasonable and acceptable interpretation is that in a proceeding under section 9 all those persons who are within the class of beneficiaries named are entitled to share in the proceeds of the settlement, irrespective of whether they were dependent upon the deceased for support and maintenance.

The Federal act makes no provision for apportionment of the amount recovered, see *Tumolo* v. *Reading Co.,* 52 Fed. Supp. 956, hence, as to the

funds involved in the case at bar, the State law of descent and distribution applies.*

The judgment of the circuit court is reversed and a judgment will be entered in accordance with this opinion. Appellants may recover costs.

BUSHNELL, BOYLES, REID, NORTH, DETHMERS, BUT-ZEL, and CARR, JJ., concurred.

* Act No. 288, chap. 2, § 93, Pub. Acts 1939 (4 Comp. Laws 1948, § 702.93 [Comp. Laws Supp. 1940, § 16289–2(93); Stat. Ann. 1943 Rev. § 27.3178(163)]).—REPORTER.