### Ellen Goen, Administratrix, Appellee, v. Baltimore & Ohio Southwestern Railroad Company, Appellant.

1. DEATH—*who entitled to damages.* In an action to recover for wrongful death under the provision in the federal statutes relating to carriers engaged in interstate commerce the intestate's mother is not entitled to share in the damages where there is a surviving widow.

2. DAMAGES—*for wrongful death.* To entitle the surviving widow to recover more than nominal damages for the death of her husband, it is necessary for her to prove that she received some support or pecuniary aid from him or had reason to believe that she would thereafter receive such.

3. SETTLEMENT—*as defense to action for wrongful death.* A settlement made by the widow in good faith constitutes a complete defense to a suit to recover for her husband's wrongful death.

4. DEATH—*when judgment not warranted by the evidence.* Where intestate's mother as administratrix, recovers a judgment for $5,500.00 for the benefit of the widow, the only evidence as to the damage being the testimony of the mother that deceased was a brakeman earning from $50.00 to $60.00 a month and lived with her, the judgment is reversed and remanded.

Appeal from the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 10, 1913.

KRAMER, KRAMER & CAMPBELL and KAGY & VANDERVORT, for appellant; EDWARD BARTON, of counsel.

NOLEMAN & SMITH and W. F. BUNDY, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

The amended declaration on which this case was tried, averred that appellant owned a railroad extending from Vincennes, Indiana, through Illinois to St. Louis, Missouri, and was engaged as a common carrier in carrying commerce by said railroad from In-

diana to Illinois and Missouri and from Missouri to Illinois, Indiana and elsewhere; that on September 26, 1910, appellee's intestate, Marvy M. Goen, was employed as a brakeman upon a certain freight train operated on said railroad, by appellant; that said train was then and there used and engaged in the transportation of freight between the several states and territories of the United States and into and through Odin, Marion county, Illinois; that it was then the duty of Goen to assist in the operation of said train as brakeman, which made it necessary for him to ride upon the top of a certain car, while said train was engaged in switching at Odin, Illinois; that while said car and train were being backed upon a certain side switch and while Goen, in the exercise of due care and caution for his own safety, was riding thereon, to give signals, look out for obstructions and set the brakes when the train had reached the proper place, he signalled the engineer to back up slowly so as to push said train and car further down the switch track and the engineer, without warning, suddenly ran the train and car against another car standing on said switch track, whereby Goen was thrown from the top of the car upon the track in front of it and before he could escape, the car ran over and killed him.

The declaration further averred that by virtue of the statute of the United States in such case made and provided, a cause of action had accrued to appellee in that behalf; and that said Goen left surviving him Minnie B. Goen his widow, and Ellen Goen his mother, the administratrix of his estate; that appellee had sustained damages as such administratrix, for the benefit of the surviving widow and next of kin.

Four pleas were filed to this declaration. They were the general issue; a special plea setting up that the widow had signed a release of damages and an acknowledgment of settlement; a special plea alleging that the intestate was a member of the relief depart-

ment of appellant; that he left no children, but did leave a widow; that after his death and before suit was commenced, the relief department, paid the widow $1,000, of which sum appellant had contributed the sum of $995, whereby appellant was entitled to a set off to the extent of the sum last mentioned against any amount which might be recovered; and lastly a plea of the statute of limitations. To each of the special pleas a demurrer was sustained and appellant abided by his special pleas and went to trial on the general issue.

As to the facts it appeared that on the day in question one of appellant's trains made up at Flora, Illinois, and running to East St. Louis on which deceased was a brakeman, had in it some freight cars intended for destinations outside of the state. When the train reached Odin, Illinois, where appellant's tracks cross those of the Illinois Central Railroad, the train stopped for the purpose of delivering cars to and receiving them from that road. The train was cut in two parts and the engine backed in on what was known as the "house track," with some thirty cars and while this was being done, Goen, in some way, fell from the car onto the track and was run over and killed. There was a drizzling rain at the time and he had on a long "slicker" water proof coat, that reached to his shoe tops. Appellee's contention is that while the train was backing in, there was another car standing on the house track and that Goen signalled to the engineer to move the train slowly until that car should be reached; that the engineer disregarded the signals and backed in at such speed that it struck the car violently, thereby jarring the train so that Goen was thrown from the car on which he was riding and run over.

Appellant however, claims that deceased caught his foot in his coat while getting upon the car or in some other way lost his hold and fell off and the other brakeman seeing him under the car, gave an emergency signal; that the sudden stopping of the train in re-

sponse to this signal, caused the bumping and jarring of the cars referred to. There was also a controversy as to whether there were any cars received from or destined to points out of the state in that part of the train, which was being backed on the house track at the time Goen was run over.

The trial resulted in a judgment in favor of appellee for $5,500. Quite a number of errors are assigned by appellant and a number of questions are discussed by its counsel as showing reasons why the judgment should be reversed, but as the record stands, it appears to be expedient for us, while we have considered all the questions presented, to discuss in this opinion only one of them.

Section 1 of the statute under which this recovery is sought, provides "that every common carrier, by railroad, while engaged in commerce between any of the several states or territories  *   *   *  shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in case of the death of such employe, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employe; and, if none, then of such employe's parents; and, if none, then of the next of kin dependent upon such employe."

The declaration in this case averred that said Goen left surviving him a widow and also his mother Ellen Goen, who is the administratrix, and such was the proof. Under the circumstances the recovery could only be for the benefit of the widow, there being no children, and the mother could have no share in it. The only evidence as to the amount of damages which appellee might be entitled to recover, was the testimony of Ellen Goen, the mother of the deceased, who stated that he was a brakeman; that he earned from $50 to $80 a month and that he lived with her. On this evidence alone, the jury were compelled to determine the amount of the pecuniary loss suffered by the

widow, by the death of her husband; that the proof was that deceased lived with his mother and there was no evidence that he furnished any support or gave any portion of his earnings to his widow. The proof of the death of Goen and that he left a widow, was sufficient to entitle her to nominal damages at least, but it was necessary for her to prove that she received some support or pecuniary aid from her husband or had reason to believe that she would thereafter receive such, before she would be entitled to more than nominal damages. Brennen v. Chicago & Carterville Coal Co., 147 Ill. App. 263. And further, if the evidence should show, as appears to have been claimed by appellant, that a settlement had been had in good faith with the widow and she had released appellant from further damages, such facts would constitute a complete defense to appellee's suit and there could be no recovery. Under the proofs in this case the judgment of $5,500 in favor of appellee, which must be for the benefit of the wife alone, was not warranted and such judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*