# GARRETT, ADMINISTRATOR OF LEWIS *v.* LOUISVILLE & NASHVILLE RAILROAD COMPANY.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

· No. 81.. Submitted November 12, 1914.—Decided November 30, 1914.

The Employers' Liability Act of 1908, prior to the amendment of April 5, 1910, declared two distinct and independent liabilities resting upon the common foundation of a wrongful injury:

    1. Liability to the injured employé for which he alone could recover; '

    · 2. In case of death, liability to his personal representative for the benefit of the surviving widow or husband and children, and if none, then of the parents, but only for pecuniary loss and damage resulting to them by reason of the death.

The declaration must contain an averment substantially of every fact necessary to be proved to sustain plaintiff's right of recovery in order to let in the proof; and every issue must be founded upon a certain point, so that parties may come prepared with their evidence and not be taken by surprise, and so that the jury may not be misled by introduction of various matters.

While the same precision is not required as in pleadings at law, a convenient degree of certainty must be adopted as to bills in equity so as to maintain plaintiff's case.

When proofs go to matters not set up in the bill, the court cannot act upon them as a ground for decision. They are not put in contestation by the pleadings.

Common experience may be taken as a guide in teaching that financial damage is not always a necessary consequence to the parent as the result of the death of an adult son; and if such damage is not pleaded proof cannot be offered in regard thereto.

Where plaintiff refused to amend after permission so as to allege pecuniary damage due to the death of his son, the court below committed no error in excluding evidence as to such damage and dismissing the complaint, and the judgment should be affirmed and the case will not be remanded for new trial on the declaration being amended.

197 Fed. Rep. 715, affirmed.

THE facts, which involve the construction of the Employers' Liability Act of 1908, and the right of parents to recover for death of an adult son, are stated in the opinion.

*Mr. John A. Pitts* and *Mr. H. N. Leech* for plaintiff in error:

The Employers' Liability Act should be construed in the light of its own language, and the purpose of its enactment. Congress did not have in mind the changing of any common-law principle as the survival of an action for personal injuries. Its purpose was to exercise its legislative power under the commerce clause of the Constitution over the relation of employer and employé in interstate commerce. It is the same character of legislation as the Safety Appliance Acts,—the primary and controlling purpose of such legislation being to prevent the loss of life and the infliction of injuries, and its secondary purpose by means of such prevention, to bring about a better and more efficient railroad service to the public.

The Safety Appliance Act has for its sanction or means of enforcement, both fines and damages. That statute gives damages for a failure to have the required equipment, and does not, in words, give an action for such failure. For such failure it is held that damages may be had for death or injury thereby occasioned. The

personal representative suing for such failure, could re-
cover damages for the mental and physical suffering, etc.,
for which the deceased would have recovered, and the
value of the life lost. The act has for its sanction or means
of enforcement the recovery of damages.

"Damages" is a generic term, and there is nothing in
the wording of the statute that restricts its meaning to the
recovery of anything short of the entire results occasioned
by the negligent act or conduct for which a liability was
created under the first section of the act.

In support of these contentions see: *Am. R. R. Co. v.
Didricksen,* 227 U. S. 145; *A. S. & W. Co. v. Griffin,* 42
S. W. Rep. 1034; *C. & O. R. R. Co. v. Haekins,* 174 Fed.
Rep. 602; *Emery v. Philadelphia,* 208 Pa. St. 492; *Ful-
gham v. M. & V. R. R. Co.,* 167 Fed. Rep. 660; *G. C. & C.
R. R. v. McGinnis,* 228 U. S. 173; *Heahl v. San Francisco,*
42 California, 215; *Johnson v. So. Pac. Co.,* 196 U. S. 1:
*M. C. R. R. Co. v. Vreeland,* 227 U. S. 59; *Matthews v.
Warner,* 22 Am. Rep. 399; *Meyer v. San Francisco,* 42
California, 215; *Mason v. So. Ry. Co.,* 58 So. Car. 70;
*Penna. R. R. v. McClosky,* 23 Pa. St. 526; *Railroad Co. v.
Baron,* 5 Wallace, 90; *Rhodes v. C. & A. R. R.,* 227 Illinois,
328; *Schlemmer v. Railroad Co.,* 205 U. S. 1; *Severns v. Nor.
Ry. Co.,* 45 Fed. Rep. 407; *Trimmer v. Railroad Co.,* 84 So.
Car. 203; *Walsh v. N. Y. & C. R. R.,* 173 Fed. Rep. 495.

*Mr. John B. Keeble* for defendant in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the
court.

This action for damages under the Employers' Liability
Act, approved April 22, 1908, c. 149, 35 Stat. 65, was
originally brought in the state court March 31, 1910. It
was removed to the Circuit Court of the United States,
Middle District of Tennessee, and tried there in May, 1911.
The declaration contains three counts, each of which

alleges that plaintiff is the administrator of T. W. Lewis, Jr., by appointment of the County Court, Stewart County, Tennessee; defendant is a Kentucky railroad corporation engaged in interstate commerce; in September, 1909, the deceased was employed as a brakeman on one of its freight trains moving in such commerce; through negligence of its operatives and servants a collision occurred; in an effort to save his life he was caught under the engine and held there for six hours or more, suffering intense agony and pain, followed shortly by death; he was twenty-four years of age, strong, vigorous, with fine business qualifications and earning capacity. The first and second counts allege that the deceased left surviving T. W. Lewis, his father, and Mrs. T. W. Lewis, his mother, and that "plaintiff, as administrator of the said intestate, sues the defendant, for the benefit of his parents, in the sum of fifty thousand dollars damages." The third count alleges the survival of not only father and mother but also brothers and sisters (the names of the latter not being given), and that "plaintiff, as administrator of the said decedent, sues the defendant in the sum of fifty thousand dollars damages."

The trial judge, having definitely offered the plaintiff an opportunity to amend his declaration, which was declined, excluded all evidence relating to the mental and physical suffering of the deceased and also all tending to show pecuniary loss sustained by the parents; and then peremptorily instructed the jury to return a verdict for defendant. The United States Circuit Court of Appeals tendered a further opportunity to amend and when this was rejected affirmed the judgment of the trial court (197 Fed. Rep. 715). The cause is here upon writ of error.

The questions presented are: *First*, whether, under the Employers' Liability Act of 1908 (before amendment of April 5, 1910), the administrator of one who died of painful injuries suffered while employed in interstate commerce

by a railroad engaging therein can recover damages for the benefit of the estate (third count); and, *Second,* whether, if such administrator sue for the benefit of the employé's parents—there being no surviving widow or husband or child, it is necessary to allege facts or circumstances tending to show that as a result of the death they suffered *pecuniary* loss (first and second counts).

The nature of the rights and responsibilities arising out of this Act have been discussed and determined in four opinions announced by this court since the instant cause was decided by the Circuit Court of Appeals. *Michigan Central Railroad* v. *Vreeland,* 227 U. S. 59; *American Railroad of Porto Rico* v. *Didricksen,* 227 U. S. 145; *Gulf, Colorado &c. Ry.* v. *McGinnis,* 228 U. S. 173; *North Carolina Railroad* v. *Zachary,* 232 U. S. 248. It is now definitely settled that the act declared two distinct and independent liabilities resting upon the common foundation of a wrongful injury: (1) liability to the injured employé for which he alone can recover; and (2), in case of death, liability to his personal representative "for the benefit of the surviving widow or husband and children," and if none then of the parents, which extends only to the *pecuniary* loss and damage resulting to them by reason of the death.

The third count of the declaration under consideration states no cause of action. The employé's right to recover for injuries did not survive him.

Where any fact is necessary to be proved in order to sustain the plaintiff's right of recovery the declaration must contain an averment substantially of such fact in order to let in the proof. Every issue must be founded upon some certain point so that the parties may come prepared with their evidence and not be taken by surprise and the jury may not be misled by the introduction of various matters. *Bank of the United States* v. *Smith,* 11 Wheat. 171, 174; *Minor* v. *Mechanics' Bank,* 1 Pet. 46, 67; *De*

*Luca v. Hughes,* 96 Fed. Rep. 923, 925; *Rose v. Perry,* 8 Yerg. 156; *Citizens' St. R. R. v. Burke,* 98 Tennessee, 650; 1 Chitty on Pleading, *270. Although the same precision of statement is not required as in pleadings at law, nevertheless it is held to be absolutely necessary that in bills of equity such a convenient degree of certainty should be adopted as may serve to give the defendant full information of the case which he is called upon to answer. Every bill must contain in itself sufficient matters of fact, *per se,* to maintain the plaintiff's case; and if the proofs go to matters not set up therein, the court cannot judicially act upon them as a ground for decision, for the pleadings do not put them in contestation. *Harrison v. Nixon,* 9 Pet. 483, 503; Daniell's Ch. Pl. & Pr. *368.

The plaintiff's declaration contains no positive averment of pecuniary loss to the parents for whose benefit the suit was instituted. Nor does it set out facts or circumstances adequate to apprise the defendant with reasonable particularity that such loss in fact was suffered. Common experience teaches that financial damage to a parent by no means follows as a necessary consequence upon the death of an adult son. The plaintiff expressly declined in both courts below so to amend his declaration as to allege pecuniary loss to the parents; and judgment properly went against him.

The request is now made that in view of all the circumstances—especially the former undetermined meaning of the statute, this court remand the cause for a new trial upon the declaration being so amended as to include the essential allegation. But we do not think such action would be proper. The courts below committed no error of which just complaint can be made here; and the rights of the defendant must be given effect, notwithstanding the unusual difficulties and uncertainties with which counsel for the plaintiff found himself confronted.

*Judgment affirmed.*