No. 10,949.

BOETTCHER, ET AL., RECEIVERS, v. AUSLENDER, ADMINIS-
TRATOR.

Decided January 5, 1925.

Action for damages for death of an employe of a rail-
road company. Judgment for plaintiff.

## Reversed.

1. DEATH—*Employers' Liability—Pleading and Proof.* Averment
concerning damages, that the beneficiary is the minor child
of the deceased employe, and evidence that he was his minor
son and sole heir, held not sufficient to sustain a judgment for
damages for death of the employe in favor of the beneficiary
under the federal employers' liability act, as to compensatory
damages.

2. PERSONAL INJURIES—*Federal Employers' Liability Act—Pleading
and Proof.* In an action under the federal employers' liability
act, under the facts disclosed, it is necessary to aver and prove
something more than mere relationship of parent and child,
to sustain a judgment in favor of the child. There must be
averment and proof of a reasonable expectation on the part of
the beneficiary of receiving benefits from the injured employe,
had he survived the injury.

3. *Recovery.* In an action under the federal employers' liabil-
ity act for death brought on behalf of a minor son, who was
living with his mother, divorced wife of deceased, facts held to
establish that the beneficiary was entitled to recover no more
than nominal damages.

4. COURT OPINIONS—*Federal Decisions.* State courts are bound by
and must follow the decisions of the Supreme Court of the
United States in its construction of a federal statute.

*Error to the District Court of the City and County of
Denver, Hon. Francis E. Bouck, Judge.*

Messrs. SMITH & BROCK, Mr. ELMER L. BROCK, for
plaintiffs in error.

Mr. EDWARD M. AUSLENDER, Mr. HUMPHREY BARTON, Messrs. BARTON & KAMUCHEY, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

JOHN WILSON, a brakeman employee of the receivers of The Denver & Salt Lake Railroad Company, was killed by their negligence in train operation while both were engaged in interstate commerce. This action for damages is under the Federal Employers' Liability Act and was brought, as the act provides, by the administrator of Wilson's estate and for the benefit of his minor son, his sole heir at law. The judgment against the receivers for $5,500 is here for review. The assignment of error in substance is that there is no averment in the complaint, and there is no evidence in the record, of any pecuniary loss or damage to the minor son. The only averments concerning damage are that the beneficiary is the minor child of deceased and that he has been damaged in the sum of $50,000. The only evidence, which is by stipulation, is that he is the minor son and sole heir at law of Wilson.

If this were an action for damages under our 1877 damage act, and if the averment in this complaint, under the ruling in *Orman v. Mannix*, 17 Colo. 564, 30 Pac. 1037, 17 L. R. A. 602, 31 Am. St. Rep. 340, and *Gibson Con. Min. Co. v. Sharp*, 5 Colo. App. 321, 38 Pac. 850, is sufficient to authorize a judgment for general damages only, which we do not decide, it is not sufficient under the Federal Employers' Liability Act as to compensatory damages. Among the early, and probably the leading, cases in the Supreme Court of the United States in which are construed the meaning, scope and effect of this Act, are *Michigan Central R. R. Co. v. Vreeland*, 227 U. S. 59, 33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176; *Gulf, C. & S. F. Ry. Co. v. McGinnis*, 228 U. S. 173, 33 Sup. St. 426, 57 L. Ed. 785, and *North Carolina R. Co. v. Zachary*, 232 U. S. 248, 34 Sup. Ct. 305, 58 L. Ed. 591, Ann. Cas. 1914C, 159. We

have not discovered that either of these cases has been overruled or modified. In the Vreeland Case it was held that only the pecuniary loss or damage to beneficiaries is allowable and that loss is not solely dependent upon any legal liability of the injured person to the beneficiary. That may be one, but it is not the sole, test. "There must, however, appear some reasonable expectation of pecuniary assistance or support of which they have been deprived."

In the McGinnis Case, the court, speaking by Mr. Justice Lurton, said that the assignment of error to the judgment of the Texas Court of Civil Appeals under review, was that the court "misconstrued the character of the liability imposed by the act under which the suit was brought by a ruling that there might be a judgment for the benefit of one of the surviving children, although there was neither allegation nor evidence that that surviving child was either dependent upon or had any reasonable ground for expecting any pecuniary benefit from a continuance of the decedent's life." The Texas Court of Civil Appeals, which upheld the ruling of the trial court, observed that "The federal statute expressly authorizes the suit to be brought by the personal representative for the benefit of the surviving wife and children of the deceased, irrespective of whether they were dependent upon him, or had the right to expect any pecuniary assistance from him." Justice Lurton thus disposes of the assignment: "This construction of the character of the statutory liability imposed by the act of Congress was erroneous." This decision and the observation of the court at page 266 of the Zachary opinion may be ambiguous. They may, we do not say they do, have the meaning ascribed to them by the employer here that dependency and reasonable expectation of assistance must both be shown as a condition to a recovery by any beneficiary. *Tobin v. Bruce*, 39 S. D. 64, 162 N. W. 933, is opposed to this view. But if the beneficiary here is right in his contention that only the "next of kin" below the rank of surviving widow or husband or minor children and parents must be dependent upon the deceased as a con-

dition of recovery, certainly the other relatives mentioned in the act must aver and prove a reasonable expectation of receiving benefits. The Liability Act, (35 Stat. at Large, 65), provides that damages awarded thereunder shall be paid "in case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee."

If, moreover, a beneficiary above the rank "next of kin", though not dependent, may, as the beneficiary contends, sue if he has a reasonable expectation of receiving benefits, still it is necessary, in an action under this act, and under the facts of this case, to aver and prove something more than the mere relationship of parent and child. There must also be, at least, averment and proof of a reasonable expectation by the beneficiary of receiving benefits from the injured employee had he survived the injury. The decisions of the Supreme Court of the United States above decided are emphatic upon this proposition. See also, *Garrett v. L. & N. R. R. Co.*, 235 U. S. 308, 35 Sup. Ct. 32, 59 L. Ed. 242; *Bennett v. A. T. & S. Fe Ry. Co.*, 187 Iowa, 897, 174 N. W. 805; *Goen v. B. & O. R. R. Co.*, 179 Ill. App. 566. In this record there is neither averment nor evidence, either of dependency or reasonable expectation of benefits, aside from the mere relation of parent and child. We do not say that this relation, in connection with other facts, might not establish a pecuniary loss, but under the facts of this case that relation alone does not. The undisputed facts are that deceased was divorced from his wife about ten years before his death. They have not lived together since that time. She is, and has been, living near Chicago with the minor child and is its guardian. There is no averment or evidence that Wilson, after the divorce, ever contributed anything to the child's support, neither is there averment nor proof even tending to show any reasonable expectation that had Wilson survived the injury he would ever have done so. On the contrary, we

think the divorce, the separation and living apart of the parties and the guardianship, and the fact that deceased never contributed to the support of his child, tend to negative any reasonable expectation of future support or maintenance, had the deceased survived the injury. The record is also silent as to whether property interests of husband and wife, if any they had, were at the time of the divorce decree, or thereafter, adjusted. In such circumstances, and in the absence of contrary evidence, it is not to be presumed either that the father, after the divorce, was legally liable to support the son, or that he probably would ever assist him. Neither is it to be presumed that the father was any longer entitled to the earnings of his son during minority and after the mother became his guardian. Under the uncontradicted evidence and the law applicable thereto plaintiff was not entitled to a recovery of anything more than nominal damages. There is no evidence upon which the amount of the verdict can be upheld. For the five or six years remaining of the son's minority, he would get about one thousand dollars a year. At the rate of wages deceased was getting, it is doubtful if his wages for this entire period would equal the amount of this verdict, had he survived the injury. The appropriate objections were made by defendant at the time of the trial, but the plaintiff did not see fit to amend his complaint or to produce any evidence tending to show that the beneficiary had sustained any pecuniary loss or damage, or that the deceased had contributed, or that there was any reasonable expectation that he would ever contribute, to the support of the minor child for whose benefit the action was instituted.

The right, or cause, of action is based upon a federal statute. We are bound by, and must follow, the decisions of the Supreme Court of the United States in its construction of a federal statute, even if we differed from that court in the construction given. As we read the decisions of that tribunal, to entitle a minor child to recover thereunder, it is necessary that there be both averment and

proof, if not of dependency, at least of a reasonable expectation that, had the deceased survived the injury, he would have contributed to the maintenance of the beneficiary. Neither by averment nor proof in this case has the plaintiff brought himself within the provisions of the statute.

The judgment of the district court is, therefore, reversed.

MR. JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.