## UNITED STATES v. CHARPENTIER.
### No. 5264.

District Court, E. D. New York.
April 29, 1931.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Francis F. Giles, of Brooklyn, N. Y., of counsel), for the United States.

Joseph H. Wackerman, of Brooklyn, N. Y., for defendant.

BYERS, District Judge.

Motion to dismiss an amended bill of complaint in an equity proceeding under USCA title 27, § 34, for abatement of an alleged nuisance, upon the ground that there is an insufficiency of fact to constitute a valid cause of action in equity against the defendant.

The said statute in part provides: " * * * Such action shall be brought and tried as an action in equity and may be brought in any court having jurisdiction to hear and determine equity cases. * * * "

Manifestly equity actions in this court are governed by the Equity Rules promulgated by the Supreme Court as of February 1, 1913. Rule 25 (28 USCA § 723) is, in part:

"Hereafter it shall be sufficient that a bill in equity shall contain, in addition to the usual caption: * * *

"Third, a short and simple statement of the ultimate facts upon which the plaintiff asks relief, omitting any mere statement of evidence."

Paragraph IV of the amended bill alleges that the defendant is the occupant of the premises and that he is the owner or claims to have some interest in the title.

Paragraph V is as follows:

"The complainant is informed and verily believes and therefore alleges on information and belief that intoxicating liquor as defined in Section I, Title II, of the National Prohibition Act is manufactured, sold and kept for beverage purposes upon the said premises in violation of the provisions of said title; that said premises and the property therein are being used and maintained for the purpose of selling intoxicating liquor for beverage purposes; that said premises and all intoxicating liquor and property kept and used in maintaining the same are a common nuisance as defined by Section 21, Title II, of the National Prohibition Act; and that said nuisance is a continuing nuisance."

The "ultimate facts," as defined by authority, are the facts in issue. In 7 Words and Phrases, Third Series, 666, the principle is stated thus:

"Ultimate facts which are to be pleaded are the issuable, constitutive, or traversable facts essential to the statement of the cause of action, and legal conclusions cannot be pleaded as 'ultimate facts' "—citing Musser v. Musser, 281 Mo. 649, 221 S. W. 46, at page 50.

The subject is discussed in Universal Oil Products Co. v. Skelly Oil Co. (D. C.) 12 F.(2d) 271, at page 272, as follows:

"The long-standing fundamental rule of pleading embracing all bills in equity is that

they must be sufficiently specific to inform the defendant of the nature of the claim made against him and of what he is called upon to answer. Garrett v. Louisville & Nashville R. R., 235 U. S. 308, 35 S. Ct. 32, 59 L. Ed. 242; Story's Equity Pleading, § 241. But this rule forbids the pleading of conclusions of law upon the one hand and of evidence upon the other (save for purposes not necessary here to be considered). Pleading conclusions of law, or, otherwise expressed, conclusions of mixed law and fact, would leave the minor premise of the pleader's syllogism wholly undefined, and furnish to the adversary no guide or information with respect to the facts by which the conclusion is to be supported. To pass to the other extreme and cover in the pleading the wide areas of circumstantial detail in which the case has its roots would make vague the major, as well as the minor, premise of the syllogism, and thus leave the conclusion wandering and uncertain. Plainly, therefore, the facts which must be alleged in order to obtain the benefit of a rule or principle of law are those—termed 'ultimate facts'—found in that vaguely defined field lying between the evidential facts on the one side and the primary issue or conclusion of law on the other. See Brumbaugh's Legal Reasoning and Briefing, pp. 65–73, 386, 387. This principle was codified by the Supreme Court (Bayley & Sons, Inc., v. Braunstein Bros. Co. [D. C.] 237 F. 671) in equity rule 25 thus:

" 'Hereafter it shall be sufficient that a bill in equity shall contain, * * * third, a short and simple statement of the ultimate facts upon which the plaintiff asks relief, omitting any mere statement of evidence.' "

Paragraph V of this bill will be seen to be deficient in that it pleads a conclusion—a paraphrase of the statute—without alleging the factual premise; probably the plaintiff would not contend that the alleged intoxicating liquor manufactures, sells, or keeps itself; or that the premises and property automatically use and maintain themselves; or that in and of themselves they constitute a nuisance. Therefore, the averments quoted do not charge the offense against which the statute is aimed, for such requires proof of something which has not been alleged, namely, that some individual has so manipulated or operated the inanimate items of property that the result denounced by the statute has come to pass.

Thus it should be apparent that an affirmative act of the defendant must be alleged as a fact, in order that issue in respect there of may be joined, if the defendant be so advised. The determination of that issue will establish as well the truth or falsity of the conclusions of law which have been pleaded, as the right of the plaintiff to the injunction sought.

In the absence of an averment of such an issuable, i. e., ultimate, fact, the bill of complaint is insufficient on its face, and the objection taken by the defendant's motion must prevail.

This was clearly indicated in U. S. v. Butler et al. (D. C.) 278 F. 677, followed in U. S. v. Simonetti et al. (D. C.) 44 F.(2d) 553, because it was decided in this court in 1922, and apparently was not appealed by the Government, and has never since been questioned in this or any other circuit. In the latter case, the United States seems also to have acquiesced.

If Equity Rule 25 is to be interpreted as sanctioning the employment of conclusions of law, or of mixed law and fact, as meeting the requirement of "a short and simple statement of the ultimate facts upon which the plaintiff asks relief," such interpretation should proceed from a higher court than that in which the Butler Case was decided.

Motion granted. Settle order.