**CLEVELAND TANKERS, Inc., v. TIERNEY et al., and four other cases.**

**THE CLEVECO.**

**THE ADMIRAL.**

Nos. 10589–10592, 10580.

Circuit Court of Appeals
Sixth Circuit.

June 28, 1948.

Lee C. Hinslea and Lucian Y. Ray, both of Cleveland, Ohio (Leckie, McCreary, Schlity & Hinslea, Lee C. Hinslea and Lucian Y. Ray, all of Cleveland, Ohio, on the brief), for Cleveland Tankers, Inc.

Victor M. Todia, of Cleveland, Ohio, and Lowell Goerlich, of Toledo, Ohio (Victor M. Todia and Harry A. Gordon, both of Cleveland, Ohio, and Silas B. Axtell, of New York City, on the brief), for Thomas Tierney et al., James A. Smith et al., Frank Szwed et al., Margaret M. Swanson and Grace O. Cowan, et al.

Lamb, Goerlich & Mack, Edward Lamb, and Lowell Goerlich, all of Toledo, Ohio, for James A. Smith et al., Frank Szwed et al., and Margaret M. Swanson et al.

Before SIMONS, ALLEN, and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

These appeals arise out of awards made by a commissioner in a series of admiralty cases under the Jones Act, 46 U.S.C. § 688, 46 U.S.C.A. § 688. On December 2, 1942, the Tug Admiral and the Barge Cleveco, with all of their crews, were lost in a storm on Lake Erie. In the ensuing litigation this court affirmed a determination that the Tug Admiral was unseaworthy; that "the owner had knowledge of that fact, and was negligent in not furnishing a seaworthy ship; and that the loss of the tug and the barge was caused by the unseaworthiness of the tug." The Cleveco, 6 Cir., 154 F.2d 605, 609. The petitions for exoneration from and limitation of liability on behalf of Cleveland Tankers, Inc., as owner of the Admiral and the Cleveco were, accordingly, dismissed.

The appeal of Cleveland Tankers, Inc., No. 10589, involves fourteen of the death claims filed. Awards were made in twenty-five out of twenty-nine claims, eleven of which have been paid. As to the awards challenged here, Cleveland Tankers, Inc., contends that in the light of the evidence

and the applicable principles of law they are erroneous and must be reversed. In No. 10590 eight claimants cross-appeal, claiming (1) that the awards are inadequate; (2) that the awards should have included personal loss and suffering of the decedents while they lived; (3) that the court erred in not awarding interest on the awards prior to June 3, 1947. The questions of personal loss and suffering and of interest are raised in appeal No. 10952, while appeal No. 10580 is confined to the question of interest. In No. 10591 two claimants appeal from the decree denying each of them damages.

### Appeal No. 10589

The applicable statute on the question of liability in No. 10589 is 46 U.S.C. § 688, 46 U.S.C.A. § 688, which establishes a right of action for injury to or death of seamen, and provides that "in such action all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable." It thus incorporates by reference § 51, 45 U.S.C., 45 U.S.C.A. § 51, part of the Federal Employers' Liability Act, the pertinent portions of which read as follows:

"Every common carrier by railroad while engaging in commerce between any of the several States * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in [the] case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."

■ As is evident, the statute makes a distinction between the classes of beneficiaries. The next of kin, in order to avail themselves of the statute, must be "dependent" upon the employee who has been injured or has died owing to the negligence of the employer. No such limitation is imposed as to husband and wife, children or parents. However, the damages recoverable under the statute are held to be equivalent to compensation for deprivation of the reasonable expectation of pecuniary benefits that would have resulted from the continued life of the deceased. Chesapeake & Ohio Ry. Co. v. Kelly, 241 U.S. 485, 36 S.Ct. 630, 60 L.Ed. 1117, L.R.A. 1917F, 367; American Rd. Co. of Porto Rico v. Didricksen, 227 U.S. 145, 149, 33 S.Ct. 224, 57 L.Ed. 456. The liability is for pecuniary damages and for that only. Michigan Central R. Co. v. Vreeland, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417, Ann. Cas. 1914C, 176.

■ The amount of contribution by the decedent during his lifetime to the claimed beneficiary has a direct bearing on the issue of reasonable expectation of pecuniary benefit. Moffett v. Baltimore & Ohio R. Co., 4 Cir., 220 F. 39. In case of a widow and minor children dependency is presumed. The Erie Lighter 108, D.C.N.J., 250 F. 490, 498. But when the beneficiaries are parents of an adult child, pecuniary loss must be alleged and proved. Garrett v. Louisville & Nashville R. Co., 235 U.S. 308, 318, 35 S.Ct. 32, 59 L.Ed. 242.

As to each of the fourteen appellees in No. 10589, Cleveland Tankers, Inc., contends that there is no substantial proof of dependency of the claimants upon the persons killed by its negligence, and hence no reasonable expectation of pecuniary benefit is shown. In eleven cases the beneficiaries were parents of adult sons. In one case a brother, and in two cases wives were beneficiaries.

■■ With reference to all claims covered by this appeal, we think, with an exception discussed below, the commissioner's awards are neither "erroneous in point of law nor extravagant in fact." Cf. Brooklyn Eastern District Terminal v. United States, 287 U.S. 170, 176, 53 S.Ct. 103, 105, 77 L.Ed. 240. We bear in mind that the hearing in admiralty in this court is in the nature of a trial de novo. The Seeandbee, 6 Cir., 102 F.2d 577, 581. This court

has the final responsibility for the facts as well as for the law; but giving to the testimony the independent consideration required, we think the conclusion of the trial court confirming the commissioner's findings is not clearly erroneous. While the commissioner states certain findings in equivocal terms, his awards are nonetheless supported by the evidence. Definite proof of financial contribution by the decedents was given in every case. The fact that no documentary evidence was kept as to these gifts is not conclusive. Sailors do not have much opportunity for regular correspondence, and the usual family does not possess filing cases to keep letters from their children. The circumstance that, as was the case in several instances, the steady unmarried son contributed far out of proportion to other children, married or unstable, does not require reversal of the awards in question. When considered in light of the record, these facts are not inconsistent with the intention on the part of the decedent to contribute to the financial well-being of members of his close family circle. This is particularly true with reference to parents whose advancing age makes them the natural objects of affectionate interest from their children. In several of these cases, while the documentary evidence was slight, there was corroborating evidence of regular contribution, and no testimony to the contrary. In the cases covered by No. 10589, the judgment of the District Court is correct with the exception of the award to Nellie Frost, wife of Leonard Frost.

■ Frost was 35 years old at the time of the disaster, a watchman earning about $180 a month. He married Nellie Frost in 1936, and in 1941 they quarreled and separated. Frost visited his wife after that when he went to Chicago, where she was employed in a restaurant, and gave her small sums of money. He kept the key to her rooms and came there four or five times during 1941 and 1942. It is not shown that Frost intended to leave his wife permanently nor that there was any thought of divorce on either side. Since she might at any time enforce her rights under Ohio law, she was entitled to substantial damages. Southern R. Co. v. Miller, 4 Cir., 267 F.

376; New Orleans & Northeastern R. Co. v. Harris, Admrx., 247 U.S. 367, 372, 38 S.Ct. 535, 62 L.Ed. 1167. It was held in Dunbar v. Charleston & W. C. R. Co., C.C., 186 F. 175, that the fact that a wife was temporarily separated from her husband at the time he was killed while in the railroad's employ did not affect her right to recover damages under the Federal Employers' Liability Act for his wrongful death. The court said [186 F. 176]:

"If the courts, in estimating the value of the husband's life to the wife, should permit counsel to inquire into the degree of affection or intimacy existing between them, such are the complexities of connubial existence, it would probably be true that we could never come to the end of such a case."

■ The award to Nellie Frost should be increased to $3,000.

### Appeals Nos. 10580, 10590, 10591 and 10592

■ The commissioner denied recovery in two cases covered by appeal No. 10591, upon the ground that there was no evidence of reasonable expectation of pecuniary benefit that would have resulted from the continued life of the deceased. This conclusion is supported by the record, and the judgment as to these cases must be affirmed.

Appeals Nos. 10580 and 10592 are filed by claimants, most of whose awards have been paid, to review one question only, namely, whether or not interest on damages should have been allowed from December 7, 1944, the date of the entry of the interlocutory decree. The same question is presented in appeal No. 10590. The contention in brief is that since the interlocutory decree of the trial court, entered December 7, 1944, awarding damages with interest and costs to a majority of the claimants and referring the determination of the amount of the damages to a commissioner, was affirmed in its entirety by this court, the trial court, which in its final decree awarded interest from June 3, 1947, thereby altered and modified not only its own interlocutory decree, but the mandate of this court. It is contended that our decree became the law of the case, and that the District Court changed it without authority.

626

■ We think this contention cannot be sustained. While the decree of this court is the law of the case upon questions considered and decided [Briggs v. Pennsylvania Rd. Co., 68 S.Ct. 1039; General American Life Ins. Co. v. Anderson, 6 Cir., 156 F.2d 615, the decree of this court in 154 F.2d 605 awarded interest in general terms only, and did not set any specific date from which the interest should run. The only question determined was the question of liability and the amounts of the awards were still unliquidated. Since our affirmance of the interlocutory order was not specific as to the time at which interest should begin to run, the final decree of the District Court in no way changed our judgment.

■ Moreover, the final decree of the District Court is in accord with the law upon this point. It is the general practice in admiralty, in ascertaining interest in personal injury and death claims, to allow interest by way of damages from the date that the damages have been judicially determined. Great Lakes Towing Co. v. Kelley Island Lime & Transport Co., 6 Cir., 176 F. 492, 498; Chicago, Duluth & Georgian Bay Transit Co. v. Moore, 6 Cir., 259 F. 490, 507; Union Steamboat Co. v. Fitzgibbons, 7 Cir., 261 F. 768, 770; The Princess Sophia, D. C., 36 F.2d 591. In recoveries under the Federal Employers' Liability Act, an award of interest is not permitted prior to the judicial determination of damages. Louisiana & Arkansas R. Co. v. Pratt, 5 Cir., 142 F.2d 847, 153 A. L.R. 851. The same rule applies under the Jones Act: Cortes v. Baltimore Insular Line, 2 Cir., 66 F.2d 526, 529; Sabine Towing Co. v. Brennan, 5 Cir., 85 F.2d 478, 484, certiorari denied, 293 U.S. 611, 55 S.Ct. 141, 79 L.Ed. 701. We conclude that the District Court did not err in allowing interest from the date of the final decree.

■ Numerous cross-appellants also renew their contention that they should have been allowed recovery for pain and suffering of the decedents. Such an element of damages may be included in the judgment if it is shown that the injured person, while he lived, underwent a compensable physical injury resulting in pain and suffering. St. Louis, Iron Mountain & Southern R. Co. v. Craft, 237 U.S. 648, 658, 35 S.Ct. 704, 59 L.Ed. 1160. The commissioner found that there was no evidence upon this point. The record does not show just when the Cleveco sank except that it sank after the Admiral was lost. The Cleveco, supra, 154 F.2d at page 607–609. The record is devoid of evidence from which a court could determine that the various decedents endured pain and suffering before they died.

The judgment of the District Court is modified to increase the amount awarded to Nellie Frost to $3,000, and as so modified, is affirmed. The cross-appeals are dismissed.