(96 South. 12)

No. 25526.

## SIMMONS v. LOUISIANA RY. & NAV. CO.

(Feb. 26, 1923.    Rehearing Denied April 2, 1923.)

*(Syllabus by Editorial Staff.)*

1. Death ⟷95(3)—Damages measured by cash value of estimated contributions.

The amount of compensation due beneficiaries of deceased employee under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) is the cash value of estimated future contributions to beneficiaries' support during deceased's life expectancy, discounted at local rate at which money could be safely loaned.

2. Death ⟷85—Damages limited to actual or pecuniary loss.

The right of recovery for death under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) is limited to actual or pecuniary loss suffered by dependents or beneficiaries of deceased employee.

3. Death ⟷95(3)—Discount of estimated contributions at 5 per cent. approved.

In computing damages for death under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665), discount of estimated future contributions to beneficiaries' support at the rate of 5 per cent. per annum approved.

4. Death ⟷65—Damages based on life expectancy as reduced by hazardous occupation.

Where railway construction foreman, because of his hazardous occupation and greater chance of being killed, would have been charged insurance rate of ordinary risk eight years older, damages should be based on life expectancy of such greater age.

5. Death ⟷65—Knowledge of insurance actuaries may be availed of.

In computing damages for death, the court may avail itself of the knowledge acquired by many years of experience of insurance company's actuaries.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; J. A. Williams, Judge.

Action by Eliza Simmons, administratrix, against the Louisiana Railway & Navigation Company. From a judgment for plaintiff, defendant appeals. Amended and affirmed.

Wise, Randolph, Rendall & Freyer, of Shreveport, and Peterman, Dear & Peterman, of Alexandria, for appellant.

Gus A. Voltz and Hakenyos, Hunter & Scott, all of Alexandria, for appellee.

O'NIELL, C. J.   This is an action for compensation, under the federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665). Plaintiff claimed $30,000, for herself and her two minor children, for the death of her husband, father of the children. He was run over and killed by a locomotive of the railroad company, while he was employed as foreman of a construction gang, building a bridge for the company. The district court gave judgment in favor of plaintiff for $5,000; from which defendant appealed; and plaintiff, answering the appeal, asked that the amount of the judgment be increased to the sum sued for. This court affirmed the judgment in so far as it held the defendant liable under the federal Employers' Liability Act; but it was found that the district judge had not computed the pecuniary loss according to the formula adopted by this court in the case of Jones v. Kansas City Southern Railway Co., 143 La. 310, 78 South. 568. The case was therefore remanded to the district court with instructions to determine the amount of compensation according to the rule laid down in the Jones Case. See Simmons v. Louisiana Railway & Navigation Co., 149 La. 686, 90 South. 24.

[1, 2] The rule referred to is that the amount of compensation due to the beneficiaries of a deceased employee, under the federal Employers' Liability Act, is the cash value of the estimate of what the employee would have contributed to the support of the beneficiaries during the term of his life expectancy, according to the evidence in the case. The reason for the rule is that the right of recovery is limited to the actual or pecuniary loss suffered by the dependents or beneficiaries of the deceased employee. The loss is ascertained or computed by discounting the estimated future contributions (lost by the dependents or beneficiaries) at the local rate at which money could be loaned safely at interest.

When this case had been remanded, evidence was heard only on the question of life expectancy, wage-earning capacity and economic habits of the deceased, and the amount that he had contributed habitually to the support of his wife and children. The life expectancy of a man of his age, according to the American Experience Table of Mortality, was 27.45 years. His contributions to the support of his wife and children were estimated, according to the evidence of his wage-earning capacity, economic habits, etc., at $800 per annum. The fair rate of discount was found to be 5 per cent., as in the Jones Case. To the figures thus found, the judge applied the formula given in the Jones Case, except that he declined to make allowance for the hazardous occupation of the deceased, in figuring on his life expectancy. Accordingly, the court gave judgment for $12,250.59; from which the defendant has again appealed; and the plaintiff, answering the appeal, asks that the judgment be increased to $16,-442.73, by estimating the future annual contributions at $900 instead of $800, and by discounting them at 4 per cent. per annum, instead of 5 per cent.

[3] The estimate of the future contributions, of which the widow and children have been deprived, at $800 a year, is sustained by the evidence. It is only an estimate after all, which we do not find any reason for either increasing or reducing. We approve also the rate of 5 per cent. per annum, at which the district judge discounted the future contributions. That is the rate that we adopted in the case of Jones v. Kansas City Southern Railway Company for the reasons stated then.

[4, 5] We do not concur, however, in the opinion that the hazardous occupation which plaintiff's husband was engaged at should not be taken into account in figuring on his life expectancy. The evidence shows—and it is conceded by plaintiff's counsel—that, because of the hazardous occupation, the rate of insurance on plaintiff's husband's life was approximately, or nearly, the same that was charged for an ordinary risk eight years older than he was. One of the insurance agents testified that the hazardous occupation, and the consequent higher rate of insurance, had nothing to do with the man's life expectancy; that a man of hazardous occupation, according to the theory of chances, would live as long as a man of nonhazardous occupation, of the same age. But the witness admitted that, in making that statement, he eliminated the chance of death by accident. The reason why the insurance companies charge a higher rate on the life of a man of hazardous occupation than on the life of a man of nonhazardous occupation, of the same age, is that the man of hazardous occupation has a greater chance of being killed, and has the same chance that any other man has of suffering any other of the ills that flesh is heir to. In other words, according to the theory of chances, a larger proportion of men of hazardous occupations than men of nonhazardous occupations, of the same age, die every year. Inasmuch as that is the reason—and the only reason—why the insurance companies charge a higher rate on the life of a man of hazardous occupation than for an ordinary risk, it will not do to

say that the additional premium has nothing to do with the life expectancy of the man of hazardous occupation. The deceased in this case, being 41 years old, had, except for his hazardous occupation, an expectation of 27.5 years. The insurance companies, however, because of his hazardous occupation, would have charged him the same premium that they charged for an ordinary risk 49 years old, having an expectation of 21.6 years. As we said in the case of Jones v. Kansas City Southern Railway Company, there is no reason why we should not avail ourselves of the knowledge acquired by the many years of experience of the insurance companies' actuaries.

What we are supposed to do in a case like this is to determine the cash value of a human life. Making the same allowance that the insurance companies would make for the man's hazardous occupation, we must calculate upon a life expectancy of 21.6 years. The result is that the judgment appealed from is reduced to $11,505.04. Here is the calculation:

| Year. | Amount. | Divisor. | Discount. | Cash Value. |
|-------|---------|----------|-----------|-------------|
| 1st | $ 800 | 1.05 | $ 38.10 | $ 761.90 |
| 2d | 800 | 1.10 | 72.73 | 727.27 |
| 3d | 800 | 1.15 | 113.14 | 686.86 |
| 4th | 800 | 1.20 | 133.33 | 666.67 |
| 5th | 800 | 1.25 | 160.00 | 640.00 |
| 6th | 800 | 1.30 | 184.62 | 615.38 |
| 7th | 800 | 1.35 | 207.41 | 592.59 |
| 8th | 800 | 1.40 | 228.58 | 571.42 |
| 9th | 800 | 1.45 | 248.23 | 551.72 |
| 10th | 800 | 1.50 | 266.67 | 533.33 |
| 11th | 800 | 1.55 | 283.87 | 516.13 |
| 12th | 800 | 1.60 | 300.00 | 500.00 |
| 13th | 800 | 1.65 | 315.16 | 484.84 |
| 14th | 800 | 1.70 | 329.41 | 470.59 |
| 15th | 800 | 1.75 | 342.86 | 457.14 |
| 16th | 800 | 1.80 | 355.55 | 444.45 |
| 17th | 800 | 1.85 | 367.57 | 432.43 |
| 18th | 800 | 1.90 | 378.95 | 421.05 |
| 19th | 800 | 1.95 | 389.74 | 410.26 |
| 20th | 800 | 2.00 | 400.00 | 400.00 |
| 21st | 800 | 2.05 | 409.76 | 390.24 |
| 22d (.6) | 480 | 2.08 | 249.23 | 230.77 |

Totals ..$17,280................$5,774.96    $11,505.04
                                5,774.96
                           $17,280.00

The judgment appealed from is amended by reducing the amount thereof from $12,250.59 to $11,505.04, with interest at 5 per cent. per annum from the 21st day of March, 1919. As amended, the judgment is affirmed. Plaintiff is to pay the costs of this appeal; defendant is to pay all other court costs.