**Toni DEAL, Plaintiff-Appellee Cross-Appellant,**

v.

**A.P. BELL FISH COMPANY and Beverly J. Estes, Defendants-Appellants Cross-Appellees.**

No. 83–3210.

United States Court of Appeals, Fifth Circuit.

March 30, 1984.

Lawrence B. Shallcross, Jr., Baton Rouge, La., for Bell Fish Co.

Dennis R. Whalen, Baton Rouge, La., for B. Estes.

Bailey & Paden, Richard S. Paden, Mountain Home, Ark., George & George, Vincent J. DeSalvo, Baton Rouge, La., for plaintiff-appellee cross-appellant.

Before WISDOM, REAVLEY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

In this wrongful death action, after the decision in *Deal v. A.P. Bell Fish Co.,* 674 F.2d 438 (5th Cir.1982) the district court interpreted the remand to require judgment for Deal on liability. Defendants objected that the decision had left open the issues of cause and contributory negligence. After a jury trial on the amount of damages, defendants moved for a new trial, renewing their objection to the district court's interpretation. The district court denied the motion and defendants' appeal followed. Deal cross-appeals, arguing that the court erred in failing to instruct the jury that it could award damages for pain and suffering, and that it erred in not awarding prejudgment interest. We reverse, holding that *Deal* I did not reach the cause and contributory negligence issues and that the jury should have been allowed to decide whether to award damages for pain and suffering. We do not reach Deal's contention about prejudgment interest.

At the first trial the district court directed a verdict on Deal's Jones Act claim, finding as a matter of law that the captain of the F/V MISS IRENE was Deal's employer rather than the Fish Company. The court allowed the unseaworthiness claim to go to the jury, and the jury found the vessel seaworthy. The *Deal* I panel reversed, holding that the Fish Company was the Jones Act employer, and that the vessel was unseaworthy as a matter of law for failure to instruct in the use of life preservers, and for lack of a head. We now explain that this was all we held in *Deal* I.

■ The *Deal* I panel stated: "If the decedent had been instructed to wear a life preserver, only the most extraordinary of circumstances would have resulted in death by drowning." *Id.* at 442. The panel further appeared to have addressed defendants' contention that the decedent was contributorily negligent by not obeying orders to stay away from the bow of the vessel:

Defendant contends that Deal's disappearance was occasioned by his disobedience of orders. He had been instructed to remain in the wheelhouse. However, both the captain and cook admitted that it was their practice to leave the wheelhouse for brief periods of time in order to attend to the call of nature. He was simply following the same procedure they used.

*Id.* at 442 n. 4. Their apparent import when read in isolation aside, these quoted passages must be read in the context of the court's discussion of the unseaworthiness issue. The legal cause and comparative negligence issues were not before the court, and we read *Deal* I, concededly with pause, as not deciding them. After examining the record we believe there was sufficient evidence to withstand a directed verdict motion as to the cause and contributory negligence issues. *See Davis v. Parkhill-Goodloe Co.,* 302 F.2d 489, 495 (5th Cir.1962); *Allen v. Seacoast Prods., Inc.,* 623 F.2d 355, 359–60 (5th Cir.1980). We therefore must reverse and remand for further proceedings.

■ We will address Deal's contention that the district court should have instructed the jury that it could award damages for pain and suffering, because in all likelihood the trial judge will be faced with the same facts and the necessity of instructing the jury on damages if liability is found. The pain and suffering of a drowning seaman is a compensable injury in a wrongful death action under the Jones Act. *Cook v. Ross Island Sand and Gravel Co.,* 626 F.2d 746 (9th Cir.1980); *Cleveland Tankers, Inc. v. Tierney,* 169 F.2d 622 (6th Cir.1948). Although eyewitness evidence is not necessary, there must be evidence supporting a finding that the decedent was conscious when drowned. *Cook v. Ross Island Sand and Gravel Co.,* 626 F.2d at 750; *Petition of United States Steel Corp.,* 436 F.2d 1256, 1276 (6th Cir.1970). There is dicta in *Davis v. Parkhill-Goodloe Co.* suggesting that evidence supporting consciousness must be "substantial," 302 F.2d at 495, but a more accurate statement of the rule is that there must be evidence to support a reasonable inference of consciousness. While this case

lies at the edge, given the strong policy of reading the compensatory scheme in a manner favorable to seamen we are persuaded that the issue ought to go to the jury.

REVERSED AND REMANDED.