IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 1, 2007

Charles R. Fulbruge III
Clerk

No. 06-30737

TROY DOUSE

Plaintiff-Appellee

V.

GLOBAL PIPELINES PLUS, et al.

Defendants-Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-01380

Before DENNIS, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff Troy Douse is a Jones Act seaman employed by Defendant Energy Catering; Douse worked as a bedroom/galley hand on vessels owned and operated by Defendant Global Pipelines. Having been injured in transport between two vessels, Douse filed suit for maintenance and cure against Energy Catering and for negligence against Global Pipelines. In a bench trial, the district court rendered judgment in favor of the plaintiff, finding that he was entitled to maintenance and cure through the present, future maintenance and

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cure, past and future pain and suffering, and past and future economic losses. Defendants appeal the future economic losses award, the future medical expenses award, the past and future maintenance awards, and the past and future pain and suffering awards. They also seek a reduction of the lost wages and medical expense awards, as well as the award of prejudgment interest.

"The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed de novo." Water Craft Mgmt. LLC v. Mercury Marine, 457 F.3d 484, 488 (5th Cir. 2006) (quoting In re Mid-South Towing Co., 418 F.3d 526, 531 (5th Cir. 2005)); see also FED. R. CIV. P. 52(a). Damage awards are considered factual issues subject to the clear error standard. Employers Nat'l Ins. Co. v. Chaddrick, 826 F.2d 381, 386 (5th Cir. 1987).

Having considered the oral and written arguments of the parties, as well as the evidence of record, we conclude that the district court's decision was not affected by any error of law or clear error of fact. Accordingly, the judgment of the district court is AFFIRMED.