JAMES E. GRAVES, JR., Circuit Judge,
dissenting, joined by DENNIS, Circuit Judge.
I join Judge Higginson’s dissent in full, and fully agree with its reasoning and conclusions. I write in support and amplification of the dissent’s observation that extending the Miles pecuniary damages limitation to the injured crew members in this case compounds the error in the majority opinion.
Even under the majority’s view that Miles v. Apex Marine, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990) is the controlling case, the majority extends Miles much too far. There are four plaintiffs in this case: Haleigh McBride, as administratrix of the estate of Skye Sonnier, a seaman who was killed in the accident, and Saul Touchet, Brian Suire, and Joshua Bourque, seamen who were injured in the accident. All four assert causes of action based on unseaworthiness under general maritime law and negligence under the Jones Act. The majority concludes that punitive damages are unavailable for all four of the plaintiffs because, under the Miles approach, recovery for death or injury predicated on the Jones Act or unseaworthiness is limited to “pecuniary” damages, and punitive damages are non-pecuniary.
However, read with its proper scope, the pecuniary damages limitation recognized in Miles applies only to the wrongful death causes of action brought by McBride. It does not apply to Touchet, Suire, and Bourque, who are seamen asserting Jones Act negligence and general maritime law unseaworthiness causes of action on their own behalf. The pecuniary damage limitation was created in the context of wrongful death statutes, and by statute, history and logic, it applies only to survivors asserting wrongful death claims. This distinction is inherent in the text of the Jones Act itself, which allows a survivor or personal representative to sue in wrongful death only if the seamen dies from the injury. 46 U.S.C. § 30104; see Sistrunk v. Circle Bar Drilling Co., 770 F.2d 455, 457 (5th Cir.1985) (summarizing the actions available in maritime death and injury cases). If the seaman survives, he must bring his own action, and the pecuniary damages limitation created by wrongful death statutes and case law should be inapplicable.
It is well-recognized that the original source of the pecuniary damages limitation in maritime law is the Federal Employee Liability Act (FELA), which was incorporated into the Jones Act at its passage. *420 Miles, 498 U.S. at 32, 111 S.Ct. 317. However, the FELA limitation of recovery to “pecuniary” damages originally applied only to survivors bringing wrongful death claims, and did not apply to plaintiffs asserting claims for their own injury. In Michigan Central R. Co. v. Vreeland, 227 U.S. 59, 33 S.Ct. 192, 57 L.Ed. 417 (1913), the Supreme Court explained that the language of FELA is “essentially identical” to the first wrongful death statute, Lord Campbell’s Act, 9 & 10 Yict. ch. 93 (1846), which did not explicitly limit available damages, “but that Act and the many state statutes that followed it consistently had been interpreted as providing recovery only for pecuniary loss.” Miles, 498 U.S. at 32, 111 S.Ct. 317; Vreeland, 227 U.S. at 69-71, 33 S.Ct. 192. The Miles Court stated that “[w]hen Congress passed the Jones Act, the Vreeland gloss on FELA, and the hoary tradition behind it, were well established. Incorporating FELA unaltered into the Jones Act, Congress must have intended to incorporate the pecuniary limitation on damages as well.” Miles, 498 U.S. at 32, 111 S.Ct. 317. The majority, however, misinterprets the scope of the pecuniary damages limitation recognized in Miles, and historically recognized in FELA and Jones Act cases.
Supreme Court case law discussing FELA and the Jones Act show that the statutory limitation of recovery to “pecuniary” damages applies only to wrongful death claims brought by survivors. Prior to the passage of the Jones Act in 1920, the Supreme Court repeatedly held that FELA’s pecuniary damages limitation applied to survivors asserting wrongful death claims, and distinguished those claims from claims brought by injured employees themselves. In Vreeland the Court explained that the FELA wrongful death cause of action
is independent of any cause of action which the decedent had, and includes no damages which he might have recovered for his injury if he had survived. It is one beyond that which the decedent had, — one proceeding upon altogether different principles. It is a liability for the loss and damage sustained by relatives dependent upon the decedent. It is therefore a liability for the pecuniary damage resulting to them, and for that only.
227 U.S. at 69, 33 S.Ct. 192. In St. Louis, I.M. & S. Ry. Co. v. Craft, the Court again distinguished between the employee’s own rights and that of his survivors. The Court explained that FELA
invests the injured employee with a right to such damages as will compensate him for his personal loss and suffering, — a right which arises only where his injuries are not immediately fatal. And where his injuries prove fatal, either immediately or subsequently, it invests his personal representative, as a trustee for designated relatives, with a right to such damages as will compensate the latter for any pecuniary loss which they sustain by the death.
237 U.S. 648, 656, 35 S.Ct. 704, 59 L.Ed. 1160 (1915) (internal citation omitted) (citing Vreeland 227 U.S. at 68, 33 S.Ct. 192; Louisville, E. & St. L.R. Co. v. Clarke, 152 U.S. 230, 238, 14 S.Ct. 579, 38 L.Ed. 422 (1894)); see also Gulf, C. & S.F. Ry. Co. v. McGinnis, 228 U.S. 173, 175-76, 33 S.Ct. 426, 57 L.Ed. 785 (1913). In Van Beeck v. Sabine Towing Co., the Court adopted this same proposition under the Jones Act. The Court explained that under FELA, as incorporated by the Jones Act,
the personal representative does not step into the shoes of the employee, recovering the damages that would have been his if he had lived. On the contrary, by section 1 of the statute a new cause of action is created for the benefit *421 of survivors or dependents of designated classes, the recovery being limited to the losses sustained by them as contrasted with any losses sustained by the decedent.
300 U.S. 342, 346, 57 S.Ct. 452, 81 L.Ed. 685 (1937). The Van Beech Court went on to explain the effect of an amendment to FELA, which provided that the decedent’s own claims, including for pain and suffering, survived his death:
However, with the adoption of an amendment in 1910, a new aspect of the statute emerges into view. Section 2 as then enacted continues any cause of action belonging to the decedent, without abrogating or diminishing the then existing cause of action for the use of his survivors. Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One is for the wrong to the injured person, and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries, and is confined to their pecuniary loss through his death.
Id. at 347, 57 S.Ct. 452 (citations and internal quotation omitted).[1]
These cases make it exceedingly clear that, at the time the Jones Act was passed, wrongful death claims that could be brought by a survivor were distinguished from an employee’s own claims for his own injuries under FELA, and the pecuniary damages limitation applied only to the former. See Van Beeck, 300 U.S. at 346-47, 57 S.Ct. 452; St. Louis, I.M., 237 U.S. at 656, 35 S.Ct. 704; Vreeland, 227 U.S. at 69-71, 33 S.Ct. 192; see also Cook v. Ross Island Sand & Gravel Co., 626 F.2d 746, 749 (9th Cir.1980) (“Yet, while the Jones Act arguably may apply a pecuniary loss restriction to the personal losses of a decedent’s beneficiaries, the Act does not apply a pecuniary loss restriction to the injuries of a decedent himself.”); Deal v. A.P. Bell Fish Co., 728 F.2d 717, 718 (5th Cir.1984) (citing Cooh for the proposition that “the pain and suffering of a drowning seaman is a compensable injury in a wrongful death action under the Jones Act”).
Likewise, Miles is solely a wrongful death case, and its recognition of a pecuni *422 ary damage limitation applies to survivors asserting wrongful death claims. Miles itself explained that the plaintiff could not recover loss of society because “[t]he Jones Act applies when a seaman has been killed as a result of negligence, and it limits recovery to pecuniary loss.” Miles, 498 U.S. at 32, 111 S.Ct. 317 (emphasis added). Indeed, all of the reasoning in Miles is applicable to survivors bringing wrongful death actions, rather than injured seamen seeking recovery for their own injuries. The Townsend Court’s discussion of Miles makes this clear.
The Court in Miles first concluded that the “unanimous legislative judgment behind the Jones Act, DOHSA, and the many state statutes” authorizing maritime wrongful-death actions, supported the recognition of a general maritime action for wrongful death of a seaman. Congress had chosen to limit, however, the damages available for wrongful-death actions under the Jones Act and DOHSA, such that damages were not statutorily available for loss of society or lost future earnings. The Court thus concluded that Congress’ judgment must control the availability of remedies for wrongful-death actions brought under general maritime law.
Atl. Sounding Co., Inc. v. Townsend, 557 U.S. 404, 419, 129 S.Ct. 2561, 174 L.Ed.2d 382 (2009) (citations omitted and emphases added) (quoting Miles, 498 U.S. at 24, 111 S.Ct. 317). This is logical, at least preTownsend, given that the wrongful death cause of action was originally a creation of statutes that have long been read to limit survivors’ recovery to their pecuniary losses. See Miles, 498 U.S. at 32, 111 S.Ct. 317; Vreeland, 227 U.S. at 69-71, 33 S.Ct. 192. But Miles says nothing indicating that it intended to recognize a pecuniary damage limitation that applies more broadly than the pre-Jones Act FELA limitation.
There is no similar statute, history, or logic limiting seamen’s own recovery to their pecuniary losses. No authority indicates that when the Jones Act incorporated FELA, it expanded the pecuniary damage limitation to injured seamen asserting their own claims for their own injuries. Indeed, with this law as background, the Miles Court’s recognition that “Incorporating FELA unaltered into the Jones Act, Congress must have intended to incorporate the pecuniary limitation on damages as well,” Miles, 498 U.S. at 32, 111 S.Ct. 317, means something far more limited than the majority recognizes.[2]
The contrast between the limited “pecuniary” damages that, under the majority’s approach, are recoverable in wrongful death actions under FELA and the Jones Act, and the categories of damages that have always been available to seamen, further reveals the error in the majority opinion. The majority briefly implies that “pecuniary” damages are broadly equivalent to “compensatory” damages, which allows the opinion to reason that the pecuniary damage limitation bars recovery of non-pecuniary punitive damages. Although some courts have in the past sporadically *423 discussed them as if they are coextensive, see Kozar v. Chesapeake & O. Ry. Co., 449 F.2d 1238, 1243 (6th Cir.1971), the relevant statutes and case law, including Miles itself, do not conflate pecuniary damages with compensatory damages. Instead, “pecuniary” damages are understood to be far narrower.
Miles adopted the Death on the High Seas Act (DOHSA) limitation of damages to “pecuniary loss sustained by the persons for whose benefit suit is brought.” Miles, 498 U.S. at 31, 111 S.Ct. 317; see also Mobil Oil Corp. v. Higginbotham, 436 U.S. 618, 620, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978). Both Miles and Higginbotham considered claims for loss of society damages brought by survivors in statutory wrongful death actions, and denied recovery because loss of society damages are non-pecuniary. Miles, 498 U.S. at 31-32, 111 S.Ct. 317; Higginbotham, 436 U.S. at 623-24, 98 S.Ct. 2010. However, neither case provides a definition of “pecuniary,” beyond excluding loss of society. DOHSA restricts recovery to “a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought.” Higginbotham, 436 U.S. at 620, 98 S.Ct. 2010; 46 U.S.C. § 30303. This DOHSA limitation, however, applies only to “the decedent’s spouse, parent, child, or dependent relative.” 46 U.S.C. § 30302; see Bodden v. Am. Offshore, Inc., 681 F.2d 319, 331 (5th Cir.1982) (explaining that DOHSA apportions recovery of fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought, and that those injuries are “unique to the decedent’s dependents and could not accrue until the decedent’s death”). The statute does not provide that the pecuniary loss is equivalent to “fair and just” compensation for all losses, but merely provides for compensation for “pecuniary” losses in an action brought by a decedent’s specified beneficiaries. 46 U.S.C. § 30303; see Higginbotham, 436 U.S. at 623, 98 S.Ct. 2010 (noting that DOHSA “has limited survivors to recovery of their pecuniary losses” (emphasis added)); see also Dooley v. Korean Air Lines Co., Ltd., 524 U.S. 116, 123, 118 S.Ct. 1890, 141 L.Ed.2d 102 (1998) (explaining that DOHSA “authoriz[es] only certain surviving relatives to recover damages,” and “limit[s] damages to the pecuniary losses sustained by those relatives”).
Similarly, Vreeland — which again is the original source of the FELA limitation of recovery to pecuniary damages — defined “pecuniary” damages far more narrowly than the majority does, explaining that
A pecuniary loss or damage must be one which can be measured by some standard. It is a term employed judicially, not only to express the character of that loss to the beneficial plaintiffs which is the foundation of their right of recovery, but also to discriminate between a material loss which is susceptible of a pecuniary valuation, and that inestimable loss of the society and companionship of the deceased relative upon which, in the nature of things, it is not possible to set a pecuniary valuation.
227 U.S. at 71, 33 S.Ct. 192 (citation and quotation omitted). This understanding of “pecuniary” damages refers to whether a relative’s or beneficiary’s loss itself is a financial one that is estimable in monetary terms. In light of Vreeland’s recognition that this pecuniary damage limitation applied only to survivors, id. at 68, 33 S.Ct. 192, this narrow definition is also quite logical. The survivors in Miles and Higginbotham could not recover loss of society because loss of society, unlike loss of support, is not primarily a financial loss. Miles, 498 U.S. at 31, 111 S.Ct. 317; Higginbotham, 436 U.S. at 623, 98 S.Ct. 2010. With respect to survivors’ own recovery, the law had chosen to draw a line *424 between monetary losses and other, more intangible losses. See Vreeland, 227 U.S. at 71, 33 S.Ct. 192.
It seems illogical that this principle would be extended to injured seamen seeking recovery for their own injuries. For example, pain and suffering is not a financial loss and is difficult to reduce to a monetary amount; thus it is not a pecuniary damage according to the definition incorporated into FELA. See id. Yet there can be no question that injured seamen can seek recovery for their own pain and suffering under the Jones Act and the general maritime law. E.g., Douse v. Global Pipelines Plus, 253 Fed.Appx. 342 (5th Cir.2007) (in Jones Act case, agreeing that injured seamen properly recovered “maintenance and cure through the present, future maintenance and cure, past and future pain and suffering, and past and future economic losses”); Deal, 728 F.2d at 718; Crador v. Louisiana Dep’t of Highways, 625 F.2d 1227, 1230 (5th Cir.1980) (noting that in Jones Act case, “In addition to loss of income the jury could award damages for pain and suffering and impact on one’s normal life routines.”). Indeed, in Miles itself, the plaintiff estate recovered for the pre-death pain and suffering of the decedent seamen. Miles, 498 U.S. at 22, 111 S.Ct. 317. By contrast, if we accept the majority’s unexplained implication that pecuniary damages must be equivalent to compensatory damages, it is not clear why loss of society would not have been recoverable in Miles or Higginbotham, as it is not at all clear why loss of society damages are any less compensatory in nature than damages for pain and suffering. See Sea-Land Servs., Inc. v. Gaudet, 414 U.S. 573, 586, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974) (noting that “[ujnquestionably, the deprivation of [society] by wrongful death is a grave loss to the decedent’s dependents,” and that the case law which barred recovery for loss of society did so on the basis of it being non-pecuniary). When loss of society is not recoverable in wrongful death actions, it is because it is non-pecuniary, not because it is not compensatory. See id.
The original view of the pecuniary damages limitation expressed in cases like Vreeland must be understood as the definition incorporated into the Jones Act and accepted by the Miles Court. See Miles, 498 U.S. at 31-32, 111 S.Ct. 317. Thus, even if the Miles analysis is applied in this case, Miles’s recognition of FELA’s pecuniary damage limitation is simply adherence to this case law distinguishing between a survivor’s wrongful death claims and ability to recover and the rights and recovery of an injured employee or seaman himself.
There is no justification for applying the pecuniary damage limitation, a creature of wrongful death statutes and case law, to injured seamen seeking recovery for their own injuries. Even if the pecuniary damage limitation is applicable in this case, it must apply only to McBride, a survivor of a decedent seaman asserting wrongful death claims, and not to Touchet, Suire, and Bourque, who assert unseaworthiness and Jones Act claims based on their own injuries. With Miles’s pecuniary damage limitation inapplicable to the injured seamen, the dissent’s Townsend-based approach is the correct analysis of the availability of punitive damages for Touchet, Suire, and Bourque.

. In Ivy v. Sec. Barge Lines, Inc., this court stated: "In the 66 years since the Vreeland decision, its principle that recovery under the F.E.L.A. is limited to pecuniary damages has remained a constant roadbed for railway workers suits. The same principle has uniformly been adopted with respect to Jones Act death action.” 606 F.2d 524, 526 (5th Cir.1979) (en banc). Every single case cited for these propositions in Ivy is a wrongful death action brought by survivors, in the FELA context, id. at 526 n. 4 (citing Chesapeake & O. Ry. Co. v. Kelly, 241 U.S. 485, 487, 36 S.Ct. 630, 60 L.Ed. 1117 (1916); Am. R. Co. of Porto Rico v. Didricksen, 227 U.S. 145, 149, 33 S.Ct. 224, 57 L.Ed. 456 (1913); Stark v. Chicago, N. Shore & Milwaukee Ry. Co., 203 F.2d 786, 788 (7th Cir.1953); Mobile & O.R. Co. v. Williams, 221 Ala. 402, 129 So. 60, 66 (1930); Atl. Coast Line R. Co. v. Daugherty, 116 Ga.App. 438, 157 S.E.2d 880, 888 (1967); Simmons v. Louisiana Ry. & Nav. Co., 153 La. 405, 96 So. 12 (1923); Torchia v. Burlington N., Inc., 174 Mont. 83, 568 P.2d 558, 565 (1977)), and in the Jones Act context, id. at 526 n. 5 (citing In re of M/V Elaine Jones, 480 F.2d 11, 31 (5th Cir.1973); Cities Serv. Oil Co. v. Launey, 403 F.2d 537, 540 (5th Cir.1968); Igneri v. Cie. de Transports Oceaniques, 323 F.2d 257, 266 (2d Cir.1963); Sabine Towing Co. v. Brennan, 85 F.2d 478, 481 (5th Cir.1936) rev'd sub nom. Van Beeck v. Sabine Towing Co., 300 U.S. 342, 57 S.Ct. 452, 81 L.Ed. 685 (1937); United States v. Boykin, 49 F.2d 762, 763 (5th Cir.1931); Thompson v. Offshore Co., 440 F.Supp. 752, 762 (S.D.Tex.1977); In re of Risdal & Anderson, Inc., 291 F.Supp. 353, 358 (D.Mass.1968); In re of S. S.S. Co., 135 F.Supp. 358, 360 (D.Del.1955); Am. Barge Line Co. v. Leatherman's Adm’x, 306 Ky. 284, 206 S.W.2d 955, 957 (1947); Standard Products, Inc. v. Patterson, 317 So.2d 376, 378 (Miss.1975)).

. The majority opinion cites only Murray v. Anthony J. Bertucci Const. Co., Inc., 958 F.2d 127 (5th Cir.1992), as justification for extending the Miles pecuniary damages to an injury case. But of course, in Murray, the court held that the spouse of an injured seaman could not recover for loss of society. Id. at 128; but see Am. Exp. Lines, Inc. v. Alvez, 446 U.S. 274, 276, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980) (holding that spouse of longshoreman injured in territorial waters could recover loss of society in general maritime law action). That case may provide justification for limiting the recovery of a spouse or dependent in an injury case to pecuniary loss, but provides no justification for extending the pecuniary damage limitation to seamen seeking recovery for their own injuries.